Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| HADID KIENY PÉREZ<br><br>Demandante-Recurrido<br><br>v.<br><br>KEVIN VÁZQUEZ SANTOS; JUNTA DE DIRECTORES CONDOMINIO GRANADA PARK<br><br>Demandados-Peticionarios | KLCE202301130 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Sala: 506<br><br>Sobre: Cobro de Dinero – Ordinario, Enriquecimiento Injusto, Incumplimiento de Contrato |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de noviembre de 2023.

Comparece la parte peticionaria, Junta de Directores del Condominio Granada Park para solicitarnos que se revise y se deje sin efecto la *Resolución* emitida el 12 de septiembre de 2023 y notificada el 13 de septiembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Bayamón, en la cual denegó la *Moción Solicitando Relevo de Anotación de Rebeldía* presentada por la peticionaria.

Por los fundamentos que exponemos a continuación, expedimos el auto de certiorari y revocamos la *Resolución Recurrida* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón. En adición, se aceptan la *Contestación a Demanda* y *Demanda Contra Co-Parte Kevin Vázquez Santos*. Se devuelve el caso al foro primario para la continuación de los procedimientos conforme a lo aquí resuelto.

I

El 11 de abril de 2022, la recurrida, la Sra. Kieny Pérez, instó una *Demanda* en cobro de dinero por vía ordinaria, incumplimiento de contrato y daños y perjuicios en contra del Sr. Vázquez Santos y de la peticionaria, la Junta de Directores del Condominio Granada Park (en adelante, "Junta de Directores").[1] En esencia, alegó que era la titular del apartamento 1-L en el Condominio Granada Park para la fecha del huracán María y que había cumplido con todos los pagos al seguro comunal. Indicó que el apartamento sufrió graves daños a causa del paso de Huracán María y que comenzó a reparar estos a su costo por instrucciones de la Junta de Directores. Luego de finalizada las reparaciones en agosto de 2019, según alegó en la *Demanda*, la Sra. Kieny Pérez vendió su apartamento al Sr. Vázquez Santos, quedando pendiente el pago del seguro por los daños reclamados respecto al apartamento, por lo que ambos acordaron por escrito que, una vez se desembolsara a los titulares el pago del seguro, el Sr. Vázquez Santos le informaría y entregaría el cheque a la Sra. Kieny Pérez.

Según las alegaciones de la *Demanda*, el 11 de mayo de 2020, la administración del Condominio Granada Park envió una carta sobre el cheque del pago de seguro donde se incluyó un desglose de los daños y se proveyó un "término razonable" para notificar cualquier desacuerdo con la partida o si se omitieron daños. Sin embargo, la Sra. Kieny Pérez arguye que no pudo ejercer su derecho a impugnar la cuantía del cheque debido a que el Sr. Vázquez Santos no le informó ni entregó los documentos enviados. El 16 de junio de 2020, la Junta de Directores le entregó el cheque del pago del seguro por la cantidad de $5,564.03 al Sr. Vázquez Santos, a sabiendas de que la Sra. Kieny Pérez tenía el interés asegurable de la propiedad, según adujo en la *Demanda*. Por otro lado, alegó que el Sr. Vázquez

---

[1] La *Demanda* fue instada en el Tribunal de Primera Instancia, Sala Superior de Guaynabo, pero fue trasladada a la Sala Superior de Bayamón.

Santos ocultó y retuvo el cheque pagado por el seguro, incumpliendo con el contrato, por razón de que éste tuvo que hacer reparaciones en el apartamento, por lo que le estaría entregando una cantidad de $1,700. En fin, la Sra. Kieny Pérez alega haber sufrido daños a causa del incumplimiento de contrato por el Sr. Vázquez Santos y por negligencia de la Junta de Directores.

Acaecidos varios trámites procesales, el 8 de agosto de 2022, la Sra. Kieny Pérez presentó una *Moción Solicitando Anotación de Rebeldía* por incomparecencia de la Junta de Directores y falta de Contestación a la Demanda por el Sr. Vázquez Santos. No obstante, el Sr. Vázquez Santos presentó una *Moción Solicitando Sentencia Sumaria y/o Desestimación*. Así las cosas, el Tribunal de Primera Instancia anotó la rebeldía a la Junta de Directores mediante *Resolución* emitida y notificada el 24 de agosto de 2022.

Denegada la *Moción Solicitando Sentencia Sumaria y/o Desestimación* y transcurrido diversos asuntos procesales, la Junta de Directores presentó una *Moción Solicitando Relevo de Anotación de Rebeldía* en la fecha del 29 de agosto de 2023. En dicho escrito, la Junta de Directores expresó que, luego de ser emplazado, ellos dieron instrucciones para que se refiriera el caso al seguro comunal para que le brindaran cubierta de seguro y la defensa legal correspondiente conforme al contrato de seguro. Sin embargo, el seguro comunal denegó la cubierta y defensa en el caso, y se lo notificó a la administración del Condominio Granada Park. Dicha administración no lo notificó a la Junta de Directores. Tras un inventario de los asuntos legales pendientes, la Junta de Directores recientemente advinieron en conocimiento de la denegación de cubierta y defensa, por lo procedieron a comparecer en el presente pleito y solicitar el relevo de la anotación de rebeldía. Por último, la Junta de Directores adujo tener defensas válidas y anejó la

*Contestación a Demanda* y *Demanda Contra Co-Parte Kevin Vázquez Santos.*

Después de un término concedido por el Foro Primario, la Sra. Kieny Pérez presentó una *Moción en Oposición a Moción Solicitando Relevo de Anotación de Rebeldía,* donde esgrimió que la Junta de Directores no presentó justa causa por su incomparecencia de más de un (1) año. El 12 de septiembre de 2023, notificada al día siguiente, el Tribunal de Primera Instancia emitió una *Resolución* decretando No Ha Lugar a la *Moción Solicitando Relevo de Anotación de Rebeldía.*

En desacuerdo, el 13 de octubre de 2023, la Junta de Directores presentó el recurso de *certiorari* ante nos con el siguiente señalamiento de error:

> **Erró el Honorable Tribunal de Primera Instancia, Sala Superior de Bayamón, al no acoger la moción de relevo de anotación de rebeldía y negarse a aceptar las contestaciones a la demanda incoada, así como la demanda contra co-parte.**

Comparecido las partes y presentado sus escritos, damos por perfeccionado el recurso de epígrafe. Examinado el expediente en su totalidad, procedemos a establecer el derecho aplicable y resolver.

II

**A. *Certiorari***

El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido.[2] La Regla 52.1 de Procedimiento Civil[3] establece los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones sobre el referido recurso para la revisión de resoluciones y órdenes

---

[2] *Rivera Gómez v. Arcos Dorados Puerto Rico, Inc.*, 2023 TSPR 65, 212 DPR ___ (2023); *McNeil Healthcare v. Mun. Las Piedras I,* 206 DPR 391, 403 (2021); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012).
[3] 32 LPRA Ap. V, R. 52.1.

interlocutorias dictadas por el Tribunal de Primera Instancia.[4] En lo pertinente, la Regla 52.1, *supra,* dispone lo siguiente:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

32 LPRA Ap. V, R. 52.1

La discreción del tribunal revisor no debe abstraerse del resto del Derecho, y por lo tanto, es una forma de razonabilidad aplicada al discernimiento judicial para así llegar a una conclusión justiciera.[5] Así pues, la discreción judicial para expedir o no el auto de *certiorari* no ocurre en un vacío ni en ausencia de parámetros.[6] Cónsono con lo anterior, la Regla 40 del Reglamento del Tribunal de Apelaciones[7] orienta la función del tribunal intermedio para ejercer sabiamente su facultad discrecional y establece los criterios que debe considerar al determinar si procede o no expedir un auto de *certiorari.*[8] La referida regla dispone lo siguiente:

---

[4] *Id.*; *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 709 (2019).

[5] *Torres González v. Zaragosa Meléndez,* 2023 TSPR 46, 211 DPR ___ (2023); *Mun. Caguas v. JRO Construction, supra,* 712; *IG Builders et al. v. BBVAPR, supra,* 338.

[6] *Id.*

[7] 4 LPRA Ap. XXII-B, R. 40.

[8] *Torres González v. Zaragosa Meléndez, supra*; *Rivera Gómez v. Arcos Dorados Puerto Rico, Inc., supra*; *Mun. Caguas v. JRO Construction, supra*; *McNeil Healthcare v. Mun. Las Piedras I, supra,* págs. 404-405; *IG Builders et al. v. BBVAPR, supra,* págs. 338-339.

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Cabe precisar que el recurso de *certiorari* es un recurso extraordinario discrecional que debe ser utilizado con cautela y solamente por razones de peso.[9] Es por ello que los tribunales revisores deben limitarse a aquellos casos en que la ley no provee un remedio adecuado para corregir el error señalado.[10] Nuestro ordenamiento jurídico ha establecido que el tribunal revisor sólo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y en donde se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[11]

**B. *La rebeldía***

---

[9] *Pueblo v. Díaz De León*, 176 DPR 913, 918 (2009).
[10] *Id.*
[11] *Rivera Gómez v. Arcos Dorados Puerto Rico, Inc., supra; Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022); *Rivera y otros v. Banco Popular,* 152 DPR 140, 155 (2000).

La Regla 45.1 de Procedimiento Civil[12] dispone que cuando una parte no contesta la demanda o no se defiende como las leyes y reglas estipulan, el tribunal podrá anotarle la rebeldía, *motu proprio* o a solicitud de parte.[13] Además, también podrá utilizarse como sanción en aquellas ocasiones en las que alguna parte en el pleito incumpla con alguna orden del Tribunal o impida el descubrimiento de prueba.[14] En estas circunstancias, el efecto de la anotación de la rebeldía es que se dan por ciertos los hechos que están correctamente alegados.[15] El objetivo de este mecanismo es desalentar el uso de la dilación de los procedimientos como una estrategia de litigación.[16] Según estableció nuestro Tribunal Supremo, esto opera como remedio coercitivo contra una parte adversa a la cual, a pesar de habérsele concedido oportunidad para refutar la reclamación, opta por no defenderse por su pasividad o temeridad.[17]

Ahora bien, el Tribunal Supremo ha dispuesto que nuestra jurisprudencia es vanguardista en lo que ataña al ideal de que los casos se ventilen en sus méritos.[18] A estos efectos, la Regla 45.3 de Procedimiento Civil[19] faculta a los tribunales a dejar sin efecto una anotación de rebeldía ante la existencia de justa causa.[20] El Tribunal Supremo ha enfatizado que esta regla debe interpretarse de manera liberal, "resolviéndose cualquier duda a favor de que se deje sin

---

[12] 32 LPRA Ap. V, R. 45.1.
[13] *González Pagán v. Moret Guevara*, 202 DPR 1062, 1068 (2019); *Bco. Popular v. Andino Solís*, 192 DPR 172, 179 (2015); *Alamo v. Supermercado Grande, Inc.*, 158 DPR 93, 100 (2002).
[14] *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580, 589 (2011).
[15] 32 LPRA Ap. V, R. 45.1; *Bco. Popular v. Andino Solís, supra.*
[16] *González Pagán v. Moret Guevara, supra*, pág. 1069; *Rivera Figueroa v. Joe´s European Shop, supra*, pág. 587.
[17] *González Pagán v. Moret Guevara, supra*; *Alamo v. Supermercado Grande, Inc., supra*, pág. 101.
[18] *Rivera Figueroa v. Joe´s European Shop, supra*, pág. 591.
[19] 32 LPRA Ap. V, R. 45.3.
[20] *Rivera Figueroa v. Joe´s European Shop, supra*, págs. 591-592.

efecto la anotación o la sentencia en rebeldía".[21] El dejar sin efecto la anotación de rebeldía dependerá de la existencia de justa causa.[22]

Primeramente, una parte puede fundamentar su solicitud en el incumplimiento con la Regla 45.1 de Procedimiento Civil[23] por la parte adversa en instancias tales como el emplazamiento defectuoso al momento de la anotación o cuando la anotación obedeció un error del tribunal.[24] Cuando no sea posible utilizar la Regla 45.1 de Procedimiento Civil[25] como fundamento para el levantamiento de la anotación de rebeldía, entonces necesitará probar una justa causa, según requerido por la Regla 45.3 de Procedimiento Civil[26]. **Dicha justa causa podrá ser** la presentación de evidencia de circunstancias que a juicio del tribunal demuestren justa causa para la dilación, o **probar que tiene una buena defensa en sus méritos y que el grado de perjuicio que se puede ocasionar a la otra parte con relación al proceso es razonablemente mínimo**.[27]

### III

La peticionaria, Junta de Directores, arguyó que el foro *a quo* incidió al no levantar la anotación de rebeldía y negarse a aceptar la contestación a la *Demanda* y la *Demanda contra Co-Parte Kevin Vázquez Santos*. Argumentó que la comparecencia tardía se debió a una falta de comunicación entre la administración del Condominio Granada Park y su Junta de Directores. Por otro lado, la Junta de Directores planteó que tiene defensas válidas que interponer al reclamo y que el levantamiento de la anotación de rebeldía no perjudicaría a la parte demandante. Le asiste la razón. Veamos.

La Regla 45.3 faculta a los tribunales a dejar sin efecto una anotación de rebeldía siempre que medie una justa causa para ello.

---

[21] *Id.*, pág. 592.
[22] *Id.*
[23] 32 LPRA Ap. V, R. 45.1.
[24] *Rivera Figueroa v. Joe´s European Shop, supra.*
[25] 32 LPRA Ap. V, R. 45.1.
[26] 32 LPRA Ap. V, R. 45.3.
[27] *Rivera Figueroa v. Joe´s European Shop, supra*, pág. 593.

Nuestra jurisprudencia favorece la ventilación de los casos en sus méritos y reiteradamente ha enfatizado que el mecanismo provisto por la Regla 45.3 debe interpretarse liberalmente, inclinando la balanza a favor de que se deje sin efecto la anotación de rebeldía. Empero, dicho mecanismo no opera en el vacío, pues, debe probarse justa causa para ello. Además de cualquier fundamento procesal, la jurisprudencia estableció que la justa causa puede ser evidencia de circunstancias que a juicio del tribunal justifiquen la dilación o prueba de una buena defensa en sus méritos y que el grado de perjuicio que potencialmente pueda sufrir la otra parte sea razonablemente mínimo. En el caso ante nos, la Junta de Directores probó tener una buena defensa en sus méritos y, debido a la temprana etapa de los procedimientos, el grado de perjuicio que pudiera sufrir la demandante, la Sra. Kieny Pérez, es razonablemente mínimo.

Según surge de la *Demanda*, la demandante alega que la Junta de Directores fue negligente al no remitir el pago del seguro comunal a la demandante, en violación de sus derechos asegurables, y que esto le causó daños y perjuicios y angustias mentales. En cambio, la Junta de Directores levantó varias defensas. Primero, indicó que la entidad jurídica con capacidad para demandar y ser demandada es el Consejo de Titulares del Condominio Granda Park. Por otro lado, y más pertinente aun, argumentó que los pagos de indemnización del seguro comunal luego de un siniestro son destinados para la reconstrucción del inmueble y que estos se hacen al titular del apartamento, nunca a un no propietario, conforme al Artículo 63 de la Ley 129-2020, conocida como la "Ley de Condominios de Puerto Rico". En adición, la Junta de Directores señala que las otras causas de acción de la *Demanda* son asuntos privados entre la Sra. Kieny Pérez y el Sr.

Vázquez Santos por ser negociaciones y acuerdos privados de la cual la Junta de Directores no participó ni intervino.

No estamos ante una estrategia de litigio destinado a causar dilación en los procedimientos. La Junta de Directores no descansa en meras alegaciones ni expone aseveraciones que indiquen desinterés o temeridad. En vez, la Junta de Directores descansa su defensa en ley aplicable a los hechos, cuya ley no es mencionada por la demandante, y expone argumentos que ameritan mayor consideración y podrían evitar un fracaso en la administración de la justicia. Evidentemente, la Junta de Directores probó que tiene una buena defensa en sus méritos.

Ahora bien, como corolario de la justa causa, debemos considerar el grado de perjuicio que la demandante podría sufrir de levantarse la anotación de rebeldía de la Junta de Directores. Según constamos del expediente, el pleito se encuentra en la etapa inicial del descubrimiento de prueba. A pesar de que la *Demanda* fue instada en abril del año 2022, el caso fue paralizado inicialmente por falta de pago de fianza bajo la Regla 69.5 de Procedimiento Civil[28] y luego el Tribunal de Primera Instancia tuvo a su consideración una moción de sentencia sumaria y desestimación. Resuelta la moción, el foro *a quo* tuvo a su consideración la rebeldía del Sr. Vázquez Santos, la cual fue levantada el 14 de junio de 2023.

Según surge de la *Minuta* de la vista del 20 de junio de 2023, el primer interrogatorio cursado en el pleito fue enviada el 16 de junio de 2023, un poco más de un mes previo a la solicitud de levantamiento de la anotación de rebeldía.[29] En otras palabras, el descubrimiento de prueba se encuentra en sus inicios, por lo que es una etapa propicia para el levantamiento de anotación de rebeldía, pues, el perjuicio ocasionado a la parte demandante en dicha etapa

---

[28] 32 LPRA Ap. V, R. 69.5
[29] Véase apéndice del recurso KLCE202301130, pág. 15.

sería considerablemente poco. La concesión de este remedio potencialmente pudiera causar cambios en el itinerario del caso y la parte demandante posiblemente tendría que ajustar su estrategia legal. No obstante, denegar este remedio privaría a la Junta de Directores de su día en corte, habiendo probado una buena defensa en sus méritos, así provocando un fracaso a la justicia. Reiteramos que el norte de nuestro sistema jurídico es la ventilación de los pleitos en sus méritos. Por tanto, el grado de perjuicio que se pudiese ocasionar a la parte demandante con relación al proceso es razonablemente mínimo.

Por tanto, habiéndose probado una buena defensa en sus méritos y que el grado de perjuicio que se puede ocasionar a la otra parte con relación al proceso es razonablemente mínimo, procede levantar la anotación de rebeldía de la Junta de Directores. En su consecuencia, se aceptan la *Contestación a Demanda* y *Demanda contra Co-Parte Kevin Vázquez Santos.*

IV

Por los fundamentos que anteceden, los que hacemos formar parte de este dictamen, expedimos el auto de *certiorari* y revocamos la *Resolución Recurrida* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Se aceptan la *Contestación a Demanda* y *Demanda Contra Co-Parte Kevin Vázquez Santos* y se devuelve el caso al foro primario para la continuación de los procedimientos conforme a lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones