ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| LONGBRIDGE FINANCIAL LLC.<br><br>Apelado<br><br>v.<br><br>HÉCTOR MANUEL FERNÁNDEZ SOTO T/C HÉCTOR M. FERNÁNDEZ SOTO T/C HÉCTOR M. FERNÁNDEZ Y OTROS<br><br>Apelante | KLAN202400169 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Caso Número: CG2020CV00634<br><br>Sobre: Ejecución de Hipoteca: Propiedad Residencial |
|---|---|---|

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 5 de marzo de 2024.

Comparece ante esta Curia Ana Paula Fernández Borges (Sra. Fernández Borges o apelante) y solicita que revoquemos la *Sentencia*[1] que el Tribunal de Primera Instancia, Sala de Caguas (TPI o foro primario) notificó el 24 de octubre de 2023. Mediante el referido dictamen, el foro primario ordenó la ejecución de la hipoteca, entre otros remedios.

Adelantamos que, por los fundamentos que expondremos a continuación, desestimamos el recurso de epígrafe por falta de jurisdicción

**I.**

El 24 de febrero de 2020, Reverse Mortgage Funding LLC (demandante o apelado) instó una *Demanda*[2] sobre ejecución de hipoteca en contra de Héctor Manuel Fernández Soto, la Sucesión Neida Priscilla Borges Rivera, los Estados Unidos de América y el Centro de Recaudación de Ingresos Municipales (demandados).

---

[1] Apéndice, págs. 206-209.
[2] Apéndice, págs. 1-5. La demanda fue objeto de dos enmiendas. Apéndice, págs. 76-80 y 113-117.

Número Identificador:

SEN2024_____

Sostuvo que, el 23 de marzo de 2013, los demandados obtuvieron un préstamo hipotecario el cual garantizaron con una hipoteca revertida por la suma de $270,000.00. Arguyó que, el codemandado Héctor Manuel Fernández Soto adeuda el seguro y/o las contribuciones sobre la propiedad por lo cual el préstamo garantizado por la hipoteca resulta vencido, líquido y exigible.

Surge del expediente que, los Estados Unidos de América, el Centro de Recaudación de Ingresos Municipales, Héctor Manuel Fernández Soto y Héctor Enrique Fernández Borges fueron emplazados personalmente.[3] Durante el diligenciamiento del emplazamiento de Héctor Enrique Fernández Borges, el demandante advino en conocimiento de otros nombres de los miembros de la Sucesión Neida Priscilla Borges Rivera. A esos efectos, el 3 de noviembre de 2021, el demandante solicitó enmendar la demanda[4] para incluir como codemandados a: Héctor Enrique, Ana Paula, Priscilla y Stefanie todos de apellidos Fernández Borges. Además, solicitó autorización para emplazar por edicto a Ana Paula, Priscilla y Stefanie de apellidos Fernández Borges quienes residen fuera de Puerto Rico.

En respuesta, el TPI autorizó el emplazamiento por edicto dirigido a Ana Paula Fernández Borges, Priscilla Fernández Borges, Stefanie Fernández Borges, John Doe y Jane Doe como posibles miembros desconocidos de la Sucesión Neida Priscilla Borges Rivera.[5] Surge del expediente que, el edicto correspondiente se efectuó el 3 de diciembre de 2021.[6]

El 27 de febrero de 2023, el demandante instó una *Segunda Demanda Enmendada*[7] a los fines de añadir como codemandada y

---

[3] Apéndice, págs. 64-71. Cabe señalar que, Héctor Enrique Fernández Borges fue emplazado a través de un emplazamiento dirigido a John Doe como posible miembro desconocido de la Sucesión Neida Priscilla Borges Rivera.
[4] Apéndice, págs. 76-80.
[5] Apéndice, págs. 81-82 y 111-112.
[6] Apéndice, págs. 87-88.
[7] Apéndice, págs. 113-117.

como miembro de la Sucesión Héctor Manuel Fernández Soto a Patricia Fernández y a los demandados de nombre desconocido John Roe y Jane Roe. El 3 de abril de 2023, el demandante instó una *Moción solicitando se expida emplazamientos*.[8] En ella hizo constar que, el 28 de febrero de 2023, el foro primario ordenó la expedición del emplazamiento personal dirigido a Patricia Fernández y los emplazamientos por edicto dirigidos a John Roe y Jane Roe los cuales hasta la fecha no han sido expedidos. En respuesta, el TPI expidió los referidos emplazamientos el 11 de abril de 2023,[9] y surge en el expediente la publicación del edicto correspondiente el 19 de abril de 2023.[10]

Así las cosas, el 24 de abril de 2023, el foro primario notificó una *Sentencia Parcial* en la cual desestimó con perjuicio las alegaciones en contra de Héctor Enrique Fernández Borges, luego de que este repudiara la herencia del codemandado Héctor Manuel Fernández Soto, quien falleció luego de la presentación de la demanda de epígrafe.[11] El 5 de septiembre de 2023, y a solicitud de Reverse Mortgage Funding LLC, el foro primario autorizó sustituir como parte demandante a Longbridge Financial, LLC.[12]

Culminados los procesos ante el Centro de Mediación de Conflictos, y vencido el término para que los demandados acreditaran su alegación responsiva, el 6 de septiembre de 2023, el demandante solicitó al TPI dictar sentencia. Expuso que fueron infructuosas las múltiples gestiones de cobro realizadas para lograr que los demandados paguen los cánones vencidos, por lo cual, procede dictar sentencia a su favor.

En respuesta, el TPI ordenó la ejecución de la hipoteca mediante la *Sentencia* impugnada, notificada el 24 de octubre de

---

[8] Apéndice, págs. 229-230.
[9] Apéndice, págs. 235-236.
[10] Apéndice, págs. 139-140.
[11] Apéndice, pág. 122.
[12] Apéndice, págs. 124-125 y 136.

2023. En desacuerdo, la Sra. Fernández Borges instó un petitorio de reconsideración el 7 de noviembre de 2023.[13] Allí sostuvo que, el referido dictamen es nulo debido a que ella no fue emplazada conforme a Derecho y tampoco participó de los procesos de mediación compulsoria.

De otra parte, el 28 de diciembre de 2023, el demandante instó una *Moción solicitando se expida notificación de sentencia por edicto*.[14] Expuso que, por error o inadvertencia la *Sentencia* impugnada no fue expedida o notificada por edicto. A tales efectos, solicitó al TPI que ordene a la Secretaría dar cumplimiento a la Regla 65.3 (c) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 65.3(c). Es de notar que, el expediente no refleja que el foro primario haya actuado sobre la referida solicitud.

Posteriormente, mediante una *Resolución*[15] notificada el 24 de enero de 2024, el TPI denegó la moción de reconsideración de la Sra. Fernández Borges. Inconforme aun, la Sra. Fernández Borges insta el recurso de apelación de epígrafe en donde señala la comisión de dos errores:

> Erró y abusó de su discreción el foro de instancia al emitir su sentencia del 8 de septiembre de 2023 porque la parte apelante no ha sido emplazada personalmente ni por edicto ni se le ha anotado la rebeldía. Tampoco ha estado sujeta al proceso jurisdiccional de la mediación compulsoria conforme a la Ley Núm. 184-2012. Por lo tanto, dicha sentencia es completamente nula y permite el relevo de la parte apelante de dicha sentencia conforme a la Regla 49.2 de las de Procedimiento Civil, *supra.* Abona a dicha nulidad la falta del ejercicio del derecho de propiedad o posesión de la parte apelante, a la luz de la Ley de Transacciones Comerciales según enmendada, 19 LPRA sec. 606 y otras leyes que exigen el ofrecimiento de todas las alternativas de mitigación de pérdidas por parte del acreedor hipotecario al deudor hipotecario.
>
> Erró y abusó de su discreción el foro de instancia al no acoger la Moción asumiendo representación legal en reconsideración pese a no existir fundamento fáctico ni legal alguno que impida a los abogados suscribientes el representar legalmente a la parte apelante y la

---

[13] Apéndice, págs. 211-224.
[14] Apéndice, págs. 225-226.
[15] Apéndice, pág. 227.

inexistencia de prueba en el expediente del caso de epígrafe que demuestre que el foro de instancia ha adquirido jurisdicción sobre la persona de la parte apelante.

Hemos examinado con detenimiento el recurso sometido por la apelante y optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (b) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b) (5).

## II.

### A. La notificación de sentencias y su efecto en la jurisdicción de los tribunales

La notificación y el archivo en autos de una copia de la notificación de una sentencia resulta ser una etapa crucial del proceso adjudicativo. *Yumac Home v. Empresas Masso,* 194 DPR 96, 114 (2015.) Es a partir de ese momento que, la sentencia se considera final, mas no firme, y que comienza a decursar el término para apelar. *Íd.,* pág. 105. Este deber de notificar las sentencias no constituye un mero requisito impuesto por las Reglas de Procedimiento Civil, sino del debido proceso de ley. *Íd.*[16] Su imperiosidad radica, además, en el efecto que tiene dicha notificación sobre los procedimientos posteriores a la sentencia. *Íd.* Por eso, la correcta y oportuna notificación de las órdenes y sentencias es un requisito *sine qua non* de un ordenado sistema judicial. *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 538 (2019). Su omisión puede conllevar graves consecuencias, además de crear demoras e impedimentos en el proceso judicial. *Yumac Home v. Empresas Masso,* supra.[17]

A esos efectos, la Regla 65.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 65.3, versa en parte, sobre cómo se debe notificar una

---

[16] Véase, además, *Bco. Popular v. Andino Solís*, 192 DPR 172, 183 (2015).
[17] Citas omitidas.

sentencia a un demandado, que fue emplazado por edicto, pero que no ha comparecido, y por consiguiente ha sido anotada su rebeldía.[18] El Tribunal Supremo resolvió en *Yumac Home v. Empresas Masso,* supra, que, cuando se conoce la identidad y la dirección de una parte que no ha comparecido, **a pesar de haber sido emplazada por edicto**, **la sentencia que en su momento se dicte deberá ser notificada por edicto,** aunque dicha parte se encuentre en rebeldía por nunca haber comparecido. Es decir que, aun estando en rebeldía por su incomparecencia, la parte ha de ser notificada de la sentencia emitida de la misma manera en que fue emplazada. *Yumac Home v. Empresas Masso,* supra, pág. 110.

Sobre la importancia en la corrección de las órdenes y sentencias emitidas por los tribunales, el Tribunal Supremo expresó en *PR Eco Park et al. v. Mun. de Yauco,* supra, que una notificación defectuosa priva al foro revisor de jurisdicción para entender en el asunto impugnado, con el efecto de que, el recurso que se presente sería prematuro. Esto, por razón de que "[n]o podemos pasar por alto que la falta de jurisdicción sobre la materia es una defensa irrenunciable, que puede ser planteada a petición de parte o el tribunal *motu proprio* y en cualquier etapa de los procedimientos, incluso en fases apelativas. Como la falta de jurisdicción incide sobre el poder mismo para adjudicar la controversia, los tribunales tienen el deber ministerial de evaluar el planteamiento con rigurosidad". *Íd.,* a la pág. 539. (Nota omitida.)

Es norma reiterada que, la jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Muñoz Barrientos v. Estado Libre Asociado de Puerto Rico y otros,* 2023 TSPR 105, resuelto el 1 de septiembre de 2023. Por

---

[18] Sabido es que, conforme a lo dispuesto por la Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1, cuando una parte no contesta la demanda o no se defiende como las leyes y las reglas estipulan, el Tribunal podrá anotarle la rebeldía por iniciativa propia o por solicitud de parte. *González Pagán v. Moret Guevara,* 202 DPR 1062, 1068 (2019).

consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 503 (2019). Ello, pues los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Íd.*, pág. 500.

En ese sentido, en reiteradas ocasiones el Tribunal Supremo ha expresado que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción y, por tanto, debemos atender con preferencia los asuntos concernientes a la jurisdicción. *FCPR v. ELA et al.*, 211 DPR 521, 530 (2023). Como se sabe, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385 (2020).

Un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. *Pueblo v. Rivera Ortiz,* 209 DPR 402 (2022). Ello, pues su presentación carece de eficacia y no produce ningún efecto jurídico, ya que en ese momento todavía no ha nacido autoridad judicial o administrativa para acogerlo. *Torres Alvarado v. Madera Atiles*, supra. De ese modo, si el tribunal no tiene jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. *Íd.* Es decir, procede la inmediata desestimación del recurso apelativo, según lo dispuesto en las leyes y los reglamentos para el perfeccionamiento de estos recursos. *Allied Mgmt. Group v. Oriental Bank,* supra.

A esos efectos, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), faculta al foro apelativo a actuar por iniciativa propia para desestimar un recurso apelativo ante la ausencia de jurisdicción. La falta de jurisdicción es un defecto que no puede ser subsanado. *Íd.* Cabe señalar, sin embargo,

que "la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración". *PR Eco Park et al. v. Mun. de Yauco,* supra (nota 25), citando a *Yumac Home v. Empresas Massó,* supra.

**III.**

Surge del expediente ante nuestra consideración que, la *Sentencia* que el foro primario emitió el 8 de septiembre de 2023 y notificó el 24 de octubre del mismo año, no fue notificada por edicto. La referida deficiencia incide en nuestra autoridad para revisar el dictamen impugnado. Por ser un asunto de índole jurisdiccional, habremos de atenderlo con prioridad. Nos explicamos.

Tal cual adelantamos, la Sra. Fernández Borges fue emplazada por edicto y nunca compareció a los procesos ante el TPI. Por consiguiente, al emitir su sentencia, el foro de instancia debió expedir un aviso de notificación de sentencia a ser publicado mediante edicto, de conformidad con la Regla 65.3 de las Reglas de Procedimiento Civil, *supra.* Entiéndase que, como la apelante fue emplazada por edicto, el dictamen impugnado debió también notificársele por edicto, a tenor de la normativa de *Yumac Home v. Empresas Masso,* supra. Consta en el expediente el esfuerzo del demandante dirigido a lograr que el TPI expidiera una notificación de sentencia por edicto. Sin embargo, no surge de autos que la sentencia impugnada haya sido en efecto publicada por edicto, conforme lo exige la Regla 65.3 de Procedimiento Civil, *supra.*

Puntualizamos que, no es hasta el momento en que se publica la sentencia por edicto que comienza a transcurrir el término del cual disponen las partes para acudir ante esta Curia mediante un recurso de apelación. El expediente ante nos carece de una declaración jurada del administrador o agente autorizado de un periódico, junto a un ejemplar del edicto publicado. Tampoco surge

alguna nota de la Secretaría del TPI consignando la fecha y la forma en que fue efectuada la notificación por edicto y la persona o las personas notificadas.

Bajo el crisol de la doctrina antes expuesta, así como de la jurisprudencia interpretativa, colegimos que las deficiencias en la notificación de la adjudicación del foro primario nos privan de jurisdicción, pues el plazo para acudir en apelación no ha comenzado a transcurrir. La presentación del recurso resulta prematura, por lo que procede la desestimación del recurso.

**IV.**

Por los fundamentos antes expuestos, ordenamos la desestimación del recurso presentado por la Sra. Ana Paula Fernández Borges por falta de jurisdicción ante su presentación prematura.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones