Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| JOSÉ RAÚL PAGÁN DIEPPA Y OTROS<br>Apelado<br><br>v.<br><br>HOSPITAL GENERAL MENONITA, INC. H/N/C HOSPITAL MENONITA CAYEY Y OTROS<br>Apelante | KLAN202400300 | Recurso de *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm. CG2020CV00904<br><br>Sobre:<br>Impericia Médica |

Panel integrado por su presidenta, la Jueza Domínguez Irizarry, la Jueza Rivera Marchand y el Juez Salgado Schwarz

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 5 de abril de 2024.

Comparecen ante esta Curia, el Dr. Ángel Nazario Rodríguez y el Sindicato de Aseguradores para la Suscripción Conjunta de Seguros de Responsabilidad Profesional Médico Hospitalaria o Sindicato de Impericia Médica (apelantes) y solicitan la revisión de la *Sentencia Parcial*[1] que notificó el Tribunal de Primera Instancia, Sala de Caguas (TPI o foro primario) el 12 de febrero de 2024. Mediante el referido dictamen, el foro primario archivó sin perjuicio la reclamación objeto de este pleito, únicamente con respecto a los apelantes.[2]

Adelantamos que, por los fundamentos que expondremos a continuación, se desestima el recurso de apelación instado, por falta de jurisdicción. Veamos.

**I.**

---

[1] Apéndice, págs. 1-3.
[2] Cabe puntualizar que, la sociedad legal de gananciales entre el Dr. Nazario Rodríguez y su esposa Sutana de Tal figura como parte demandada en la demanda objeto de este pleito aunque no figura como parte apelante en el recurso ante nuestra consideración.

La presente causa se originó el 11 de marzo de 2020 cuando el Sr. José Raúl Pagán Dieppa, por sí y en representación de la extinta sociedad de gananciales compuesta por él y la Sra. Milagros Carattini Carattini (QEPD) y de las hijas menores de edad (M.P.C.) y (M.P.C.), junto a Juan Ramón Carattini Rivera y Denibette Carattini Carattini (demandantes o apelados) incoaron una *Demanda*[3] sobre daños y perjuicios en contra de los apelantes, del Hospital General Menonita Inc. h/n/c Hospital Menonita Cayey, del Dr. Juan Carlos Rivera Concepción y del Dr. Orlando Carrasquillo Navarro, entre otros codemandados.

Luego de varias incidencias procesales que resultan innecesarios pormenorizar, el 14 de septiembre de 2023, los demandantes instaron una *Moción de desistimiento voluntario parcial sin perjuicio y de petición de autorización judicial.*[4] En ella, desistieron voluntariamente y sin perjuicio de todas sus alegaciones en cuanto a los apelantes exclusivamente. Debido a que dos co-demandantes son menores de edad, solicitaron al TPI señalar una vista de autorización judicial con la participación de la Procuradora de Relaciones de Familia (Procuradora) y que su desistimiento sea acogido sin perjuicio.[5]

En respuesta, los apelantes se opusieron[6] a que el desistimiento sea sin perjuicio. Argumentaron que han invertido una cantidad considerable de tiempo y dinero, que el descubrimiento de prueba está próximo a culminar, y que el caso se encuentra en una etapa avanzada, a la espera del señalamiento del juicio en su fondo. De otra parte, se allanaron a la no imposición de costas y honorarios de abogado.

---

[3] Apéndice, págs. 11-26.
[4] Apéndice, págs. 112-113.
[5] Apéndice, págs. 114-118. A solicitud de la Procuradora, los demandantes posteriormente suplementaron su petitorio de autorización judicial con la correspondiente declaración jurada.
[6] Apéndice, págs. 119-121.

Cabe señalar que, surge de la moción de los apelantes que el TPI concedió un término a la Procuradora para exponer posición en torno al petitorio de desistimiento de los demandantes.[7] Luego de varias comparecencias de las partes, los demandantes accedieron a que el desistimiento voluntario sea con perjuicio.[8]

Así las cosas, el 9 de febrero de 2024, el TPI celebró la vista de autorización judicial a la cual asistió tanto el padre de las menores co-demandantes como un defensor judicial, entre otros.[9] Evaluada la prueba, el foro primario mantuvo la desestimación sin perjuicio y notificó el dictamen impugnado a todas las partes, entre ellos, a la Procuradora.[10] Inconforme, los apelantes instaron un petitorio de reconsideración.[11] Expusieron que, los demandantes accedieron a que el desistimiento fuese con perjuicio. Reiteraron los fundamentos previamente esbozados y enfatizaron que, dicho desistimiento se dio luego de los demandantes haber obtenido la opinión de dos peritos y próximo a finalizar el descubrimiento de prueba sobre las alegaciones de la demanda.

En reacción, el TPI se negó a reconsiderar. Sin embargo, surge del volante de notificación que la referida denegatoria no le fue notificada a la Procuradora.[12] Inconforme, los apelantes instaron el recurso de apelación de epígrafe en el cual señalaron que:

> Erró el Tribunal de Primera Instancia al archivar sin perjuicio la reclamación presentada en contra del Dr. Ángel Nazario Rodríguez y SIMED como su aseguradora bajo el inciso 1 de la Regla 39.1 (A) de Procedimiento Civil, en contravención a las restricciones que a su discreción judicial le imponen la Regla 39.1 de Procedimiento Civil y su jurisprudencia interpretativa.

**II.**

---

[7] Apéndice, pág. 120. Haciendo referencia a la entrada núm. 193 en el expediente electrónico del portal del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del Poder Judicial.
[8] Apéndice, págs. 122-123.
[9] Apéndice, pág. 124.
[10] Apéndice, pág. 1.
[11] Apéndice, págs. 4-8.
[12] Apéndice, págs. 9-10.

#### A. La falta de notificación y la jurisdicción

La Regla 65.3 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 65.3, establece que, la notificación y el archivo en autos de una orden, resolución o sentencia debe realizarse a todas las partes que hayan comparecido en el litigio. La referida notificación y archivo constituye una etapa crucial del proceso adjudicativo. *Yumac Home v. Empresas Masso,* 194 DPR 96, 114 (2015.) Es a partir de ese momento que, la sentencia se considera final, mas no firme, y que comienza a decursar el término para apelar. *Íd.,* pág. 105.

Es norma reiterada que, este deber de notificación no constituye un mero requisito procesal impuesto por las Reglas de Procedimiento Civil, sino más bien responde al debido proceso de ley. *Íd.* Su imperiosidad radica, además, en el efecto que tiene dicha notificación sobre los procedimientos posteriores a la sentencia. *Íd.* Por eso, la correcta y oportuna notificación de las órdenes y sentencias de los tribunales y de los dictámenes administrativos es un requisito *sine qua non* de un ordenado sistema judicial. *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 538 (2019). Su omisión puede conllevar graves consecuencias, además de crear demoras e impedimentos en el proceso judicial. *Yumac Home v. Empresas Masso,* supra.[13]

Por tanto, de no notificarse adecuadamente la resolución, orden o sentencia **no surte efecto y los términos no comienzan a decursar**. *Bco. Popular v. Andino Solís,* 192 DPR 172, 183 (2015). El Tribunal Supremo ha expresado que, la notificación defectuosa priva de jurisdicción al foro revisor para entender sobre el asunto impugnado y tiene el efecto de que el recurso que se presente ante

---

[13] Citas omitidas.

un tribunal de mayor jerarquía sería prematuro. *PR Eco Park et al. v. Mun. de Yauco*, supra.

Es norma reiterada que, la jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *R&B Power, Inc. v. Junta de Subastas de la Administración de Servicios Generales de Puerto Rico*, 2024 TSPR 24, resuelto el 13 de marzo de 2024. Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *Íd.*[14] Cónsono con ello, los tribunales debemos ser celosos guardianes de nuestra jurisdicción y, por tanto, debemos atender con preferencia los asuntos concernientes a la jurisdicción. *Íd.* De ese modo, si el tribunal no tiene jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. *Íd.*

A esos efectos, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), faculta al foro apelativo a actuar por iniciativa propia para desestimar un recurso apelativo ante la ausencia de jurisdicción. La falta de jurisdicción es un defecto que no puede ser subsanado. *Íd.* Cabe señalar, sin embargo, que "la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración". *PR Eco Park et al. v. Mun. de Yauco,* supra (nota 25), citando a *Yumac Home v. Empresas Massó,* supra.

**III.**

Surge del recurso de epígrafe que, los apelantes impugnan la determinación del foro primario de autorizar el desistimiento voluntario de los demandantes, sin perjuicio. Puntualizamos que, al examinar el expediente ante nuestra consideración nos percatamos

---

[14] Citando a *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019).

de un asunto de índole jurisdiccional que amerita nuestra atención con prioridad, y así procederemos.

El TPI notificó la *Sentencia Parcial* a todas las partes, entre ellas, a la Procuradora. Sin embargo, omitió notificar a dicha parte la *Orden* disponiendo de la moción de reconsideración de los apelantes. Resulta evidente de lo antes expuesto que, el referido dictamen no ha surtido efecto, por lo que, carecemos de autoridad para atender los méritos de la controversia de autos. Es sabido que, ante notificaciones defectuosas, los términos de revisión aplicables no comienzan a cursar. Según discutido, el recurso de los apelantes resulta prematuro, lo cual nos priva de jurisdicción para acogerlo. Por ello, procede desestimar el recurso de epígrafe conforme a la Regla 83 (C) de nuestro Reglamento, *supra.*

**IV.**

Por los fundamentos que anteceden, se desestima el recurso de epígrafe por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


                              Lcda. Lilia M. Oquendo Solís
                         Secretaria del Tribunal de Apelaciones