EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Banco Popular de Puerto Rico<br><br>    Recurrido<br><br>        v.<br><br>Vilma Andino Solís<br><br>    Peticionaria | Certiorari<br><br>2015 TSPR 3<br><br>192 DPR ____ |

Número del Caso: CC-2014-372


Fecha: 13 de enero de 2015

Tribunal de Apelaciones:

        Región Judicial de San Juan

Abogado de la Parte Peticionaria:

        Lcdo. Irving R. Hernández Vals


Abogado de la Parte Recurrida:

        Lcda. Carla Nevárez Pérez
        Lcdo. Kendall Krans Negrón


Materia: Procedimiento Civil – Regla 65.3 – notificación a parte en rebeldía, comparecencia de parte a la que se le anotó la rebeldía.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Banco Popular de Puerto Rico<br><br>    Recurrido<br><br>        v.<br><br>Vilma Andino Solís<br><br>    Peticionaria | CC-2014-0372 | Certiorari |

Opinión emitida por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ.

San Juan, Puerto Rico, a 13 de enero de 2015.

En el caso que nos ocupa tenemos la oportunidad de establecer que la presentación de una moción de prórroga, instada por una parte a la que posteriormente se le anota la rebeldía, constituye una comparecencia para efectos de la Regla 65.3 de las de Procedimiento Civil, *infra*. Por razón de ello, en estos casos, la Secretaría del tribunal debe notificar la Sentencia en Rebeldía a la última dirección consignada en el expediente y no emitir una notificación mediante edicto.

A tales efectos, procedemos a delimitar los hechos que suscitaron la controversia de autos.

I

La génesis de esta controversia se remonta al 16 de agosto de 2011 cuando el Banco Popular de Puerto Rico

(BPPR o recurrido) presentó una demanda por cobro de dinero y ejecución de hipoteca por la vía ordinaria contra la Sra. Vilma Iris Andino Solís (señora Andino Solís o peticionaria). El BPPR arguyó ser el tenedor de buena fe de un pagaré garantizado por hipoteca voluntaria, otorgado el 1 de abril de 2008, sobre una propiedad de la peticionaria ubicada en el barrio Caimito de San Juan. En virtud de estos documentos, el BPPR alegó que desde el 1 de enero de 2011 la peticionaria incumplió con su obligación de pagar la cantidad adeudada. En consecuencia, reclamó la suma principal de $161,051.27, los intereses al tipo pactado de 6% anual y otros créditos estipulados. Además, solicitó cargos por demora, costas, gastos y honorarios de abogado por la reclamación judicial.

Así las cosas, el 18 de agosto de 2011 la peticionaria fue emplazada personalmente conforme establece la Regla 4.4 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 4.4. Luego de ser emplazada, el 19 de septiembre de 2011 la señora Andino Solís compareció por derecho propio ante el Tribunal de Primera Instancia mediante un documento intitulado *Solicitud de Prórroga*. En éste, expuso que no había podido conseguir representación legal y solicitó treinta días adicionales para contestar la demanda. El foro primario concedió la prórroga solicitada. Sin embargo, la peticionaria no presentó la contestación a la demanda.

Conforme lo anterior, el 14 de noviembre de 2011 el BPPR presentó una *Moción en solicitud de anotación de rebeldía por falta de comparecencia y en solicitud de sentencia en rebeldía.* En esencia, solicitó que a la peticionaria se le anotara la rebeldía conforme provee la Regla 45.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1. El 17 de noviembre de 2011 el tribunal concedió lo solicitado y le notificó la determinación a la dirección postal de la peticionaria.

Posteriormente, el 17 de enero de 2012 el foro primario dictó una *Sentencia en Rebeldía* a favor del BPPR. El 20 de enero de 2012 ésta fue notificada a la dirección postal de la representante legal del BPPR. Ese mismo día, la Secretaria Auxiliar del Tribunal emitió una *Notificación de Sentencia por Edicto* dirigida a la señora Andino Solís.[1] El 27 de enero de 2012 el BPPR, como parte demandante, publicó la Sentencia en Rebeldía en el periódico Primera Hora e hizo la notificación correspondiente por correo regular a la señora Andino Solís.

No obstante, el 30 de julio de 2012 el BPPR solicitó la paralización de los procedimientos ante el Tribunal de Primera Instancia debido a que la peticionaria había comenzado un procedimiento de quiebra ante el Tribunal Federal de Quiebras para el Distrito de Puerto Rico (Tribunal Federal de Quiebras). Luego de que el caso ante

---

[1] Esta notificación fue emitida mediante la forma OAT 686 de Notificación de Sentencia por Edicto.

el Tribunal Federal de Quiebras fue desestimado, el 11 de julio de 2013 el BPPR presentó ante el foro primario una *Moción en Solicitud de Continuación de los Procedimientos y en Solicitud de Nueva Orden y Mandamiento de Ejecución de Sentencia*. El 22 de julio de 2013 el foro primario declaró con lugar la solicitud y ordenó que se expidiera el correspondiente Mandato de Ejecución para que se procediera con la venta de la propiedad que garantizaba la cantidad adeudada por la peticionaria. Según se desprende del *Acta de Primera Subasta* del 7 de octubre de 2013, la propiedad fue adjudicada. Posteriormente, el 24 de octubre de 2013 el Tribunal de Primera Instancia emitió una Orden en la que autorizó la entrega de la propiedad a los licitadores. Asimismo, facultó al alguacil para que lanzara a cualquier ocupante que estuviera en la propiedad adjudicada.

Así las cosas, el 18 de noviembre de 2013 la peticionaria presentó una *Moción urgente solicitando la nulidad del proceso de subasta y de la venta judicial, solicitando la paralización de lanzamiento y asumiendo representación legal*. Arguyó que a pesar de que el Tribunal de Primera Instancia le notificó a la dirección consignada en récord la concesión de la prórroga solicitada y la anotación de rebeldía, la sentencia no fue notificada a esta dirección. Por el contrario, ordenó su notificación mediante edicto. A tenor con lo anterior, argumentó que se le violó el debido proceso de ley y

solicitó que se anularan los procedimientos post-sentencia y se dejara sin efecto la orden de lanzamiento. Ello, debido a que el archivo en autos de la Sentencia de 20 de enero de 2012 fue inoficioso.

El BPPR presentó una oposición en la que, esencialmente, alegó que a la peticionaria no se le violó el debido proceso de ley. Específicamente, adujo que le notificó a la peticionaria por correo regular la fecha de la publicación de la notificación de la sentencia, la notificación de la sentencia y la Sentencia en Rebeldía. Asimismo, alegó que la notificación de la sentencia por edicto fue publicada en el periódico según corresponde. Por tanto, arguyó que los tecnicismos incumplidos por el Tribunal de Primera Instancia al momento de notificar la Sentencia fueron subsanados por las acciones de la parte demandante. El foro primario declaró sin lugar la moción presentada por la peticionaria.

A la luz de esta denegatoria, el 18 de diciembre de 2013 la señora Andino Solís presentó una *Moción de Reconsideración*. Destacó que en la oposición presentada por el BPPR no se refutó que la Secretaría del Tribunal de Primera Instancia no notificó la sentencia a la última dirección consignada en el expediente de la peticionaria. Consecuentemente, alegó que el incumplimiento de la Secretaría del Tribunal con la Regla 65.3 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 65.3, no podía ser subsanado por la parte demandante. Razonó que lo único que

esta parte podía haber hecho era solicitarle al Tribunal de Primera Instancia que cumpliera con lo establecido en la referida regla. La reconsideración fue declarada no ha lugar.

Ante esta determinación, la peticionaria acudió al Tribunal de Apelaciones. Señaló como error que el tribunal recurrido abusó de su discreción al no reconsiderar la orden en la que denegó declarar nulo el proceso de subasta por falta de notificación de la Sentencia en Rebeldía. Ello, debido a que esta última debió ser notificada a la dirección que la peticionaria consignó en el expediente al solicitar la prórroga para contestar la demanda.

El foro apelativo intermedio determinó que la solicitud de prórroga presentada por la peticionaria no constituyó una comparecencia para fines de una determinación de rebeldía. Interpretó que, bajo estas circunstancias, la mencionada Regla 65.3(c) ordena que la sentencia sea notificada por edicto tal como sucedió en el caso de autos. Así, concluyó que el Tribunal de Primera Instancia no actuó arbitrariamente al ordenar la notificación de la Sentencia en Rebeldía mediante la publicación de edicto por la parte demandante. En consecuencia, denegó la expedición del recurso presentado por la peticionaria.[2]

_____

[2]La peticionaria señala que existe un conflicto entre las decisiones de varios paneles del Tribunal de Apelaciones sobre el asunto planteado ante nuestra consideración. Le asiste la razón. Como hemos descrito, en el caso de autos, se determinó que una moción de prórroga

A raíz de lo anterior, la señora Andino Solís recurrió ante nos mediante *Certiorari* y solicitó que determinemos que el Tribunal de Apelaciones erró al no expedir el recurso y, en consecuencia, validar un procedimiento post-sentencia que está viciado dado que la Sentencia en Rebeldía no fue notificada conforme establece nuestro ordenamiento jurídico. El BPPR presentó una *Oposición a que se Expida Auto de Certiorari.*

Ante ello, el 31 de octubre de 2014 emitimos una Resolución en la que le ordenamos a la parte recurrida que mostrara causa por lo cual no se debe revocar la Resolución dictada por el Tribunal de Apelaciones. Sin embargo, la parte no compareció y el caso quedó sometido en los méritos para ser adjudicado por este Tribunal. Así las cosas, procedemos a exponer el marco doctrinal aplicable a la controversia de autos.

---

no constituye una comparecencia en un pleito en rebeldía y, por tanto, el foro primario actuó correctamente al emitir una notificación de sentencia mediante edicto. En contraposición, en Oriental Bank & Trust v. Rivera Torres, KLCE-2012-00148 (2012), bajo unos hechos muy similares a los del caso de autos, otro panel determinó que el Tribunal de Primera Instancia incidió al solicitar que la sentencia fuera notificada por edicto a una parte que compareció al pleito mediante una solicitud de prórroga. Determinó que esta solicitud debía ser considerada como una comparecencia y, por tanto, correspondía notificar a la dirección consignada en el expediente por la parte. Para otras determinaciones en conflicto con lo anterior, véase, por ejemplo, Banco Santander Puerto Rico v. Teófila Ochoa Ruiz, KLCE-2013-00382 (2013).

II

A.

Es norma ampliamente conocida que nuestro ordenamiento jurídico permite que el tribunal *motu proprio* o a solicitud de parte le anote la rebeldía a una parte por no comparecer a contestar la demanda o a defenderse como estipulan las reglas, o como sanción. Álamo v. Supermercado Grande, Inc., 158 DPR 93, 100 (2002). En ambas circunstancias, el efecto de la anotación es que se dan por ciertos los hechos que están correctamente alegados. Regla 45.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1. Ciertamente, esta Curia ha sido enfática en establecer que esto no exime al tribunal de evaluar si la causa de acción presentada amerita la concesión del remedio solicitado. Álamo v. Supermercado Grande, Inc., *supra*, pág. 102. *Véanse,* además, Ocasio v. Kelly Servs., 163 DPR 653, 681 (2005); Rivera v. Insular Wire Products Corp., 140 DPR 912, 931 (1996).

Por consiguiente, pertinente a la controversia de autos, corresponde destacar que una anotación de rebeldía procede cuando una parte no contesta la demanda o no se defiende según estipulan las reglas. J. A. Cuevas Segarra, Tratado de Derecho Procesal Civil, 2da ed., Publicaciones JTS, 2011, T. IV, pág. 1338. Es decir, cuando una parte ha dejado de ejercitar su derecho a defenderse, se coloca en la posición procesal de la rebeldía. Al respecto, los

tratadistas Wright, Miller & Kane han hecho las expresiones que incluimos a continuación:

> The mere appearance by a defending party, without more, will not prevent the entry of a default for failure to plead or otherwise defend, however. But if defendant appears and indicates a desire to contest the action, the court can exercise its discretion and refuse to enter a default. This approach is in line with the general policy that whenever there is doubt whether a default should be entered, the court ought to allow the case to be tried on the merits. Wright, Miller & Kane, Federal Practice and Procedure, Secs. 2682 & 2686 (1998) (Citas omitidas).

A tenor con lo anterior, una mera comparecencia no es suficiente para evitar que a una parte se le anote la rebeldía. Precisamente, el propósito de que se pueda continuar con los procedimientos contra una parte en rebeldía, es no permitir que ésta deje de defenderse o presentar alegaciones como una estrategia de litigación para dilatar los procedimientos. Álamo v. Supermercado Grande, Inc., *supra,* pág. 100. *Véase,* además, Continental Ins. Co. v. Isleta Marina, 106 DPR 806, 814-815 (1978). Por tal razón, para evitar que la anotación proceda, de la comparecencia debe surgir la intención de la parte de defenderse. Por ello, cuando una parte comparece mediante una moción de prórroga o con una moción asumiendo representación profesional, por sí solas, no se considera suficiente para evitar que se anote la rebeldía. Cuevas Segarra, op. cit., T. IV, pág. 1338.

B.

Ahora bien, una vez se haya anotado la rebeldía, como excepción, las reglas eximen de notificar los escritos y las órdenes a las partes cuya rebeldía es por falta de comparecencia. Regla 67.1 de las de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 67.1. Es decir, cuando una parte fue debidamente emplazada y no compareció, no es necesario que se le notifique toda alegación subsiguiente a la demanda original. *Véase* Álamo v. Supermercado Grande, Inc., *supra*, pág. 105 n.9. Claro está, siempre habrá que notificar toda alegación en que se soliciten remedios nuevos o adicionales conforme establece la referida regla. Sin embargo, cuando la parte comparece se deben enviar todas las notificaciones correspondientes aun cuando se le haya anotado la rebeldía.

A los efectos de lo que constituye una comparecencia, este Tribunal ha expresado que, en términos generales, "cualquier actuación de parte de un demandado, excepto para atacar la jurisdicción sobre su persona, que reconozca el caso en la corte constituirá una comparecencia general". Gómez v. Junta Examinadora de Ingenieros, etc., 40 DPR 662, 667 (1930) (Citas omitidas).

Cónsono con estas expresiones, el tratadista Cuevas Segarra concluye que bajo la referida Regla 67.1 una comparecencia mediante moción de prórroga, traslado o desestimación es suficiente para que la parte sea notificada de todos los escritos y órdenes del tribunal,

aun cuando se le haya anotado la rebeldía. Es decir, "[s]i compareció solicitando prórroga, traslado o la desestimación, y luego no contesta la demanda y se le anota la rebeldía, hay que notificarle el resto de los escritos y órdenes". Cuevas Segarra, op.cit., T. V, pág. 1884.

Por consiguiente, como hemos visto hasta el momento, cuando una parte comparece mediante moción de prórroga y posteriormente no contesta la demanda ni procede a defenderse, el tribunal podrá anotarle la rebeldía. Ello, debido a que esa comparecencia no se considera suficiente para evitar que se proceda con la anotación de la rebeldía, sino que la parte debe demostrar claramente su intención de defenderse. Sin embargo, para efectos de la notificación de escritos y órdenes, se entiende que la parte ha comparecido y como tal deberá ser notificada de todas las incidencias del pleito.

C.

A tenor con lo anterior, una vez ha culminado el proceso ante el foro primario, la mencionada Regla 65.3 de las de Procedimiento Civil, establece cómo el tribunal debe proceder en torno a la notificación de órdenes, resoluciones y sentencias cuando a una parte se le ha anotado la rebeldía.[3]

---

[3] En Rodríguez de Lausell v. Tribunal Superior, 93 DPR 672, 676-677 (1966), se aclaró que las órdenes a las cuales se refiere esta regla no son de la misma naturaleza que las contempladas por la Regla 67.1. En particular, se expresó que "[n]ecesariamente, la orden a la que se

Sobre el particular, el inciso (c) de la Regla 65.3 de las de Procedimiento Civil de 2009, establecía lo siguiente:

> (c) **En el caso de partes en rebeldía que hayan comparecido en autos, el Secretario o Secretaria le notificará toda orden, resolución o sentencia a la última dirección que se haya consignado en el expediente por la parte que se autorepresenta o a la dirección del abogado o abogada que surge del registro del Tribunal Supremo para recibir notificaciones, en cumplimiento con la Regla 9**. En el caso de partes en rebeldía que hayan sido emplazadas por edictos <u>o</u> que nunca hayan comparecido en autos o de partes demandadas desconocidas, el Secretario o Secretaria expedirá un aviso de notificación de sentencia por edictos para su publicación por la parte demandante.[4] (Énfasis suplido).[5]

Relacionado con esto, en <u>Falcón Padilla v. Maldonado Quirós</u>, 138 DPR 983 (1995), nos expresamos en torno al deber de notificación que tiene el tribunal cuando una parte está en rebeldía. Particularmente, interpretamos la anterior Regla 65.3 de las de Procedimiento Civil de 1979, 31 LPRA ant. Ap. III, y dispusimos que en los casos en los que se dicte una sentencia en rebeldía también existe la obligación de que ésta le sea notificada a las partes

_____

refiere la Regla 65.3 es aquélla en virtud de la cual se hace una adjudicación de una cuestión en controversia o con respecto a derechos o reclamaciones de las partes. Las órdenes a que se refiere la Regla 67.1 necesariamente no son de esta naturaleza". *Íd. Véase*, además, J. A. Cuevas Segarra, <u>Tratado de Derecho Procesal Civil</u>, 2da ed., Publicaciones JTS, 2011, T.V, pág. 1873.

[4]No obstante, en mayo de 2012 la segunda oración de la sección (c) de la referida Regla 65.3 fue enmendada mediante la Ley Núm. 98-2012.

[5]Nótese que el deber del Secretario o Secretaria del tribunal de notificar las sentencias que dicta el foro judicial también está contemplado en la Regla 46 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 46.

involucradas. Es decir, independientemente de si a la parte se le anotó rebeldía por falta de comparecencia, como parte afectada debe ser notificada de la sentencia que en su día recaiga. *Véase,* además, Rodríguez de Lausell v. Tribunal Superior, 93 DPR 672, 677 (1966).

Ahora bien, en cuanto a cómo procede esta notificación, particularmente en Falcón Padilla v. Maldonado Quirós, *supra,* expresamos que de la regla se podían colegir dos situaciones. Primeramente, "cuando la parte en rebeldía por incomparecencia fuese de identidad desconocida o figurase con nombre ficticio, se efectuará la notificación de la sentencia *mediante publicación de edictos.* En segundo lugar, cuando la identidad de la parte en rebeldía por incomparecencia fuese conocida, se remitirá la notificación de la sentencia a su última dirección conocida". *Íd.,* pág. 991. Así, pues, determinamos que cuando una parte fue emplazada mediante edicto porque no se pudo localizar personalmente y no compareció, notificarle la sentencia en rebeldía a la última dirección conocida resultaba inadecuado. Procedía, en este caso, sin embargo, que la sentencia le fuera notificada de la misma forma mediante la cual se le emplazó y notificó de la reclamación en su contra, es decir, por la publicación de edictos. *Véase,* además, Falcón v. Maldonado, 139 DPR 97 (1995) (Resolución); R&G Mortgage v. Arroyo Torres y Otros, 180 DPR 511 (2010).

Ciertamente, este deber de notificar no es un mero requisito procesal, por el contrario, además de ser razonable, fortalece el debido proceso de ley.

D.

Como es sabido, en nuestro ordenamiento jurídico es norma firmemente establecida que como corolario de la vertiente procesal del debido proceso de ley, las partes deben ser notificadas de los escritos que se producen durante el trámite judicial. R. H. Colón, Práctica Jurídica de Puerto Rico, Derecho Procesal Civil, 5ta ed., San Juan, LexisNexis de Puerto Rico, Inc., 2010, pág. 193. Ello, debido a que "[l]a notificación es parte integral de una actuación judicial y para que una resolución u orden surta efecto, tiene que ser no solamente emitida por un tribunal con jurisdicción, sino también notificada adecuadamente a las partes ya que es a partir de la notificación que comienzan a cursar los términos establecidos". Íd. Véanse, además, Plan Salud Unión v. Seaboard Sur. Co., 182 DPR 714 (2011), Caro v. Cardona, 158 DPR 592 (2003). Es decir, de no notificarse adecuadamente, la resolución, orden o sentencia no surte efecto y los términos no comienzan a decursar.

En virtud de lo anterior, la correcta y oportuna notificación es un requisito sine qua non de todo sistema de revisión judicial ordenado. Cuevas Segarra, op. cit., T. V, pág. 1871. Véanse, además, Dávila Pollock et als. v. R.F. Mortgage, 182 DPR 86 (2011); Medio Mundo, Inc. v.

Rivera, 154 DPR 315 (2001). Sin duda, una notificación defectuosa o la ausencia de ésta, incide sobre los derechos de las partes enervando así las garantías procesales que estamos llamados a proteger.

                                III

Bajo el marco doctrinario descrito, nos corresponde adjudicar la controversia de autos. Procedemos.

Luego de presentada la demanda y de la señora Andino Solís ser emplazada personalmente, ésta compareció ante el Tribunal de Primera Instancia mediante una *Solicitud de Prórroga.* Sin embargo, a pesar de que se le concedió el término adicional solicitado para presentar sus alegaciones, ésta no contestó la demanda o procedió a defenderse.

Ante la petición del BPPR, el foro primario anotó la rebeldía y emitió una Sentencia en Rebeldía que le fue notificada a la dirección postal de la representante legal del BPPR. Empero, para notificar a la señora Andino Solís emitió una *Notificación de Sentencia por Edicto.*

Así pues, luego de que la propiedad en controversia fuera ejecutada y vendida en pública subasta, la peticionaria presentó una moción para que se declarara la nulidad de los procedimientos post sentencia. Ello, en esencia, debido a que la Sentencia en Rebeldía no fue notificada conforme a derecho. A la peticionaria le asiste el derecho. Veamos.

Particularmente, la señora Andino Solís alegó que la prórroga presentada constituyó una comparecencia para fines de la referida Regla 65.3(c) y, por tanto, no procedía concluir que el tribunal estaba obligado a notificar la sentencia mediante la publicación de un edicto. A la peticionaria le asiste la razón. A tenor con la normativa discutida, procede concluir que una moción de prórroga constituye una comparecencia para propósitos de la notificación de la sentencia de una parte a la que se le anotó rebeldía. Claro está, aunque esta última siempre tiene que ser notificada, la comparecencia cobra relevancia a la luz de las distinciones establecidas en la mencionada Regla 65.3 (c) en torno a cómo procede esta notificación.

Como establecimos, en la anterior Regla 65.3 (c), la Secretaría del Tribunal tenía la obligación de notificar una Sentencia en Rebeldía por edicto para su publicación por la parte demandante en tres circunstancias determinadas. En particular, cuando la parte se emplazó por edicto, no compareció o era un demandado desconocido. De no presentarse ninguna de estas circunstancias, no procedía la notificación por edicto, sino notificar a la última dirección consignada en el expediente por la persona que se auto representa o su representante legal.

A la luz de lo anterior, nos es forzoso concluir que bajo el derecho vigente al momento de los hechos de la

controversia de autos,[6] procedía que la Secretaría del Tribunal notificara la Sentencia en Rebeldía a la dirección consignada en el expediente. Ello, debido a que la señora Andino Solís no fue emplazada mediante edicto, compareció al pleito mediante moción solicitando prórroga y ciertamente no era una parte desconocida. Asimismo, no se suscitaron ninguna de las tres circunstancias que la regla proveía para que la sentencia fuera notificada mediante edicto.

No procede avalar el razonamiento adoptado por el Tribunal de Apelaciones a los efectos de que como la parte solamente presentó una moción de prórroga no se puede considerar como una comparecencia en un proceso en rebeldía. Como hemos reiterado, este tipo de moción no se considera suficiente a los efectos de evitar que a una parte que no presentó alegaciones ni compareció a defenderse se le anote la rebeldía bajo la referida Regla 45.1. Sin embargo, de ninguna manera, esto puede entenderse como que la parte no ha comparecido para efectos de la notificación de la Sentencia. Al igual que la moción de prórroga es suficiente para que una parte en rebeldía que no comparece a defenderse sea notificada de

---

[6]Como mencionamos anteriormente, la referida regla 65.3 (c) fue enmendada en mayo de 2012. En razón de ello, la notificación de la sentencia en rebeldía mediante edicto procede bajo dos circunstancias particulares: cuando la parte fue emplazada mediante edicto *y* no compareció o cuando es una parte desconocida. A pesar de lo anterior, la notificación de la Sentencia en Rebeldía en controversia fue en enero de 2012. En consecuencia, nos corresponde aplicar la regla vigente al momento de los hechos.

las órdenes y escritos del tribunal, también lo es para determinar que ésta ha comparecido para propósitos de la Regla 65.3. Es decir, es una comparecencia de una parte conocida y emplazada personalmente la que activa el mandato de la Regla 65.3 a los efectos de que el tribunal debe proceder a notificarle la sentencia a la dirección que esta parte consignó en el expediente.

Concluir lo contrario, además de ser inadecuado, sería una decisión en detrimento del debido proceso de ley. Ello, debido a que cuando una parte opta por no defenderse, pero comparece mediante este tipo de moción y consigna su dirección, es razonable concluir que es más probable que va a quedar notificada si la determinación del tribunal se le envía a la dirección que esta parte ha provisto. De esta manera, además de salvaguardar las garantías procesales, esta decisión fomenta la economía procesal en la medida que evita dilaciones en los procesos y que la parte demandante tenga que incurrir en gastos innecesarios para poder cumplir con las exigencias de la mencionada Regla 65.3(c) en torno a las especificaciones para la publicación de un edicto.

Así las cosas, como en este caso, además de haber sido emplazada personalmente, la peticionaria compareció mediante moción solicitando prórroga, correspondía que la Secretaría del Tribunal le notificara la Sentencia en Rebeldía a la última dirección consignada en el expediente. No procedía la notificación de la sentencia

mediante la publicación de un edicto. No nos persuade el argumento de la parte recurrida a los efectos de que la notificación por correo regular que ésta le envió a la peticionaria luego de la publicación del edicto subsanó el error en el que incurrió el foro primario. La Regla 65.3 es diáfana en establecer que la notificación es un deber insoslayable del foro judicial.

                                    IV

Por los fundamentos expuestos, expedimos el auto y revocamos la Resolución emitida por el Tribunal de Apelaciones. En consecuencia, se devuelve el caso al Tribunal de Primera Instancia para que notifique adecuadamente la Sentencia a la última dirección de la peticionaria.


                              Luis F. Estrella Martínez
                                    Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Banco Popular de Puerto Rico<br><br>    Recurrido<br><br>        v.<br><br>Vilma Andino Solís<br><br>    Peticionaria | CC-2014-0372 | Certiorari |

SENTENCIA

San Juan, Puerto Rico, a 13 de enero de 2015.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se expide el auto y se revoca la Resolución emitida por el Tribunal de Apelaciones. En consecuencia, se devuelve el caso al Tribunal de Primera Instancia para que notifique adecuadamente la Sentencia a la última dirección de la peticionaria.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo