ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| **PR RECOVERY & DEVELOPMENT JV, LLC HOY PR RECOVERY AND DEVELOPMENT REO, LLC** DEMANDANTE(S)-RECURRIDA(S) V. **ESPERANZA PARA LA VEJEZ INC.** DEMANDADA(S)-PETICIONARIA(S) | **KLCE202200883** | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de **MAYAGÜEZ** Caso Núm. **SG2021CV00147 (306)** Sobre: Cobro de Dinero; Ejecución Sentencia |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Pagán Ocasio y la Juez Barresi Ramos.

*Barresi Ramos*, juez ponente

**S E N T E N C I A**

En San Juan, Puerto Rico, hoy día 22 de agosto de 2024.

Comparece ante este Tribunal de Apelaciones, **ESPERANZA PARA LA VEJEZ INC.** (**ESPAVE**) mediante *Certiorari* instado el 11 de agosto de 2022. En su recurso, nos solicita que revisemos la *Resolución y/u Orden* decretada el 6 de julio de 2022 por el Tribunal de Primera Instancia (TPI), Sala Superior de Mayagüez.[1] La aludida *Resolución y/u Orden* declaró no ha lugar la *Moción Urgente (1) Solicitando Relevo de Sentencia Regla 49.2 y (2) Solicitud de Suspensión de Celebración de Venta Judicial, y (3) Solicitud de Paralización de Todos los Procedimientos* presentada el 5 de julio de 2022 por **ESPAVE**. Ello debido a que conforme a la Regla 49.2 de las de Procedimiento Civil de 2009 la solicitud debió presentarse dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses desde el registro de la determinación judicial. Además, apercibió a las partes que la precitada Regla

---

[1] Este dictamen judicial fue notificado y archivado en autos el 6 de julio de 2022. Apéndice del *Alegato en Oposición al Recurso de Certiorari,* pág. 60.

no limita el poder del tribunal para conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, una orden o un procedimiento.

Exponemos el trasfondo fáctico y procesal que acompañan a la presente controversia.

- I -

Para el año 1972, la Corporación de Renovación Urbana y Vivienda de Puerto Rico (CRUV), actualmente, el Departamento de la Vivienda (DV) cedió mediante escritura pública numero 7, otorgada ante el notario Rafael Álvarez Fortuño, la finca número 9083 en el municipio de San Germán a **ESPAVE**.[2] Tal transferencia fue condicionada a restricciones de venta y uso que constan inscritas al folio 29 del tomo 302 de San Germán, y se transcribieron de la siguiente manera:

> Quinto[...]
> a) En caso de disolución el Centro de Servicios Comunales a Personas de Edad Avanzada, Inc., o de cambio de los propósitos de esta institución el título de dominio sobre esta finca revertida a la Corporación.
> b) Queda prohibida la venta, arrendamiento, cesión, transferencia o uso de la propiedad objeto de la transferencia de título para fines ajenos a los propósitos de proveer servicios socio educativos y de salud, sin ánimo de lucro, a personas de edad avanzada.

Después, el 22 de diciembre de 2011, **ESPAVE** obtuvo un préstamo por la cuantía de $500,000.00 y suscribió un pagaré hipotecario, así como una escritura sobre *Hipoteca en Garantía de Pagaré* ante el notario Gil A. Mercado Nieves.[3] Dicha obligación hipotecaria se garantizó con la propiedad sita en el Barrio Retira de San Germán, Puerto Rico. Hubo varias renovaciones y/o modificaciones de los negocios entre el Banco de Desarrollo Económico para Puerto Rico (BDE) y **ESPAVE**.

El 16 de mayo el 2021, **PR Recovery and Development REO, LLC (PR Recovery)** interpuso *Demanda* sobre cobro de dinero; incumplimiento de

---

[2] Apéndice del *Certiorari,* págs. 1- 6.
[3] *Íd.,* págs. 7- 47.

contrato; ejecución de hipoteca y gravamen mobiliario.[4] En su reclamación, entre otras cosas, alegó que **ESPAVE** incumplió con su obligación al dejar de efectuar los pagos; las gestiones de cobro resultaron infructuosas; se declaró la totalidad de la deuda vencida, liquida y exigible; y **ESPAVE** quedó adeudando costas, gastos y honorarios de abogados conforme el *Pagaré Asegurado*.

Entonces, el 18 de agosto de 2021, **PR RECOVERY** presentó una *Solicitud de Anotación de Rebeldía y Sentencia en Rebeldía*.[5] El 28 de septiembre de 2021, **PR RECOVERY** presentó su *Moción Reiterando: "Solicitud de Anotación de Rebeldía y Sentencia en Rebeldía"*.[6] Ante esta situación, el 28 de octubre de 2021, el foro primario pronunció *Resolución* expresando: "Atendida la presente moción traída a mi atención en el día de hoy como parte de los casos re-asignados a nuestra sala de la sala 307 ante el retiro del juez Efraín De Jesús, el tribunal determina lo siguiente: Se anota la rebeldía a la parte demandada. Se dictará sentencia de conformidad. Secretaría notifique la presente resolución a la parte demandada a las direcciones provistas en récord".[7]

En la misma fecha, se emitió *Sentencia,* en la cual, ante la incomparecencia de **ESPAVE** se le anotó rebeldía; se dio por admitidas todas las alegaciones de la reclamación; y al amparo de la Regla 45.2 de las de Procedimiento Civil de 2009, se dictaminó sentencia en rebeldía sin la celebración de audiencia.[8] Así las cosas, se condenó a **ESPAVE** a satisfacer la deuda que ascendía a 4 de marzo de 2021 a $479,035.69 más intereses que se acumulen hasta el saldo total y completo a razón de $71.73 diarios y $37,402.19 por concepto de costas, gastos y honorarios de abogados.

---

[4] *Íd,* págs. 48- 58.
[5] Apéndice del *Certiorari*, págs. 65- 74.
[6] *Íd.,* págs. 75- 76.
[7] *Íd.,* pág. 88.
[8] *Íd.,* págs. 77- 87. Esta decisión fue notificada y archivada en autos el 29 de octubre de 2021. No obstante, las notificaciones dirigidas a **ESPAVE** fueron devueltas por el servicio postal.

El día 24 de mayo de 2022, se tramitó el *Aviso de Subasta*.[9] El antedicho aviso contiene la descripción registral pero no incluye las condiciones restrictivas la propiedad. Unos días más tarde, el 21 de junio 2022, se publicó el edicto de subasta en el periódico The San Juan Daily Star.[10]

Seguidamente, el 5 de julio de 2022, **ESPAVE** presentó una *Moción Urgente (1) Solicitando Relevo de Sentencia Regla 42.2 y (2) Solicitud de Suspensión de Celebración de Venta Judicial, y (3) Solicitud de Paralización de Todos los Procedimientos*.[11] Adujo, entre otras cosas, que no se incluyó como parte indispensable a la CRUV, hoy en día Departamento de la Vivienda (DV), por las condiciones restrictivas sobre la propiedad inmueble; secretaría no despachó notificación de sentencia por edicto; y **PR RECOVERY** ofreció una dirección incorrecta por lo que las notificaciones no fueron adecuadas.[12] Así, el 6 de julio de 2022, el foro *a quo* concretó la *Resolución y/u Orden* impugnada.

Insatisfecha con dicha determinación, el 12 de julio de 2022, **ESPAVE** presentó una *Moción de Reconsideración y Reiterando Relevo de Sentencia y/o Paralización de Pública Subasta.*[13] En síntesis, solicitó la paralización indefinida de los procesos judiciales en consideración al caso ante el tribunal federal del Distrito de Puerto Rico o en su defecto, la continuación de los procedimientos concediendo plazo para contestar la *Demanda* y descubrimiento de prueba, así como oportunidad de presentar moción sobre desestimación sumaria debido a la ausencia de legitimación activa y madurez. Al día siguiente, se declaró no ha lugar la solicitud de reconsideración.[14]

Aún inconforme, el 11 de agosto de 2022, **ESPAVE** presentó ante este tribunal intermedio revisor un *Certiorari.* En su recurso, esgrimió el(los)

---

[9] Apéndice del *Certiorari*, pág. 61- 63.
[10] *Íd.*, pág. 64.
[11] Apéndice del *Certiorari,* págs. 100- 113.
[12] *Certiorari*, pág. 3.
[13] Apéndice del *Certiorari*, págs. 114- 133.
[14] *Íd.*, pág. 139.

siguiente(s) error(es):

> Erró el Tribunal de Primera Instancia en no atender nuestra solicitud de relevo de sentencia al amparo de la Regla 49.2 de Procedimiento Civil por el hecho de que habían transcurrido más de seis (6) meses de emitida la sentencia a pesar de que se estaba argumentando la nulidad de la misma.

> Erró el Tribunal de Instancia al [o]rdenar la continuación de la Subasta Pública del inmueble en cuestión cuando la Sentencia emitida es nula por ser la compraventa del préstamo en cuestión contraria a la moral y al orden público, por no ser lo[s] demandantes tenedores de buena fe, por no incluir los demandantes al Departamento de la Vivienda en el [p]leito como parte indispensable, por no cumplir con las disposiciones de la Regla 65.3 (c) y 67.1 de Procedimiento Civil sobre deficiencias en las notificaciones en violación al debido proceso de ley de los demandados recurrentes.

Ante ello, el 16 de agosto de 2022, intimamos *Resolución* en la cual, entre otras cosas, concedimos un plazo de diez (10) días para mostrar causa, por la cual, no debíamos expedir el auto de *certiorari* y revocar el dictamen impugnado. El 6 de octubre de 2022, fuera del término concedido, **PR RECOVERY** presentó *Alegato en Oposición al Recurso de Certiorari* replicando que el tribunal no cometió los errores indicados y solicitando que se declare no ha lugar el *Certiorari*.

Evaluado concienzudamente el expediente del caso y contando con el beneficio de la comparecencia de ambas partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a las (s) controversia(s) planteada(s).

- II -

– A – *Certiorari*

El auto de *certiorari* es un vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior

instancia judicial.[15] Por ello, la determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial.[16]

De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[17] Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho".[18]

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de las de Procedimiento Civil de 2009.[19] La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando, "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo".[20] En ese sentido, y a manera de excepción, se podrá expedir este auto discrecional cuando:

> (1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales;
> (2) en asuntos relacionados a privilegios evidenciarios;
> (3) en casos de anotaciones de rebeldía;
> (4) en casos de relaciones de familia;
> (5) en casos revestidos de interés público; o
> (6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia. [21]

Lo anterior constituye tan solo la primera parte de nuestro análisis sobre la procedencia de un recurso de *certiorari* para revisar un dictamen del Tribunal de Primera Instancia. De modo que, aun cuando un asunto esté comprendido entre las materias que las Reglas de Procedimiento Civil de 2009 nos autorizan a revisar, el ejercicio prudente de esta facultad nos

---

[15] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021).
[16] *Íd.*
[17] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016).
[18] *Íd.*
[19] 32 LPRA Ap. V, R. 52.1; *Torres González v. Zaragoza Meléndez, supra.*
[20] *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021).
[21] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG*, 205 DPR 163 (2020).

requiere tomar en consideración, además, los criterios dispuestos en la Regla

40 del Reglamento del Tribunal de Apelaciones (Reglamento).[22]

Por otro lado, el examen de los [recursos] discrecionales no se da en

el vacío o en ausencia de otros parámetros.[23] Para ello, la Regla 40 de nuestro

Reglamento instituye los indicadores a considerar al evaluar si se debe o no

expedir un recurso de *certiorari*. A saber:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho;
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema;
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia;
> (D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados;
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración;
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; y
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[24]

Es preciso aclarar, que la anterior no constituye una lista exhaustiva,

y ninguno de estos criterios es determinante, por sí solo, para justificar el

ejercicio de nuestra jurisdicción.[25] En otras palabras, los anteriores criterios

nos sirven de guía para poder determinar de la forma más sabia y prudente si

se justifica nuestra intervención en la etapa del procedimiento en que se

encuentra el caso.[26] Ello, pues distinto al recurso de apelación, este Tribunal

posee discreción para expedir el auto de *certiorari*. La delimitación que

imponen estas disposiciones reglamentarias tiene "como propósito evitar la

dilación que causaría la revisión judicial de controversias que pueden esperar

a ser planteadas a través del recurso de apelación."[27]

---

[22] *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG, supra*.
[23] *Íd*.
[24] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580 (2011).
[25] *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005).
[26] *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 712 (2019).
[27] *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486– 487 (2019); *Mun. Caguas v. JRO Construction Inc., supra*.

Finalmente, este Tribunal solo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en un craso abuso de discreción.[28] Esto es, "que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[29]

### - C – *Regla 49.2 de las de Procedimiento Civil de 2009*

La Regla 49.2 de las de Procedimiento Civil permite que una parte solicite al foro de primera instancia el relevo de los efectos de una sentencia, siempre que se cumpla con una de las causales o fundamentos allí enumerados y la solicitud se presente dentro de un término de seis (6) meses de haberse registrado la sentencia.[30] Esta Regla debe interpretarse liberalmente, y cualquier duda debe ser resuelta a favor de la parte que solicita que se deje sin efecto una anotación de rebeldía o una sentencia.[31] La consabida Regla no constituye una llave maestra para reabrir controversias, ni sustituye los recursos de reconsideración o apelación. En esencia, la parte promovente está obligada a justificar su petición en alguna de las causales dispuestas por la Regla.[32]

La Regla 49.2 de las de Procedimiento Civil de 2009, *supra,* en lo aquí pertinente, enuncia:

> Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:
> (a) error, inadvertencia, sorpresa o negligencia excusable;
> (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48 de este apéndice;
> (c) fraude (incluso el que hasta ahora se ha denominado 'intrínseco' y el también llamado 'extrínseco'), falsa

---

[28] *García v. Asociación*, 165 DPR 311, 322 (2005).
[29] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[30] 32 LPRA Ap. V, R.49.2. *Bco. Santander P.R. v. Fajardo Farms Corp.*, 141 DPR 237, 243 (1996).
[31] *HRS Erase, Inc. v. CMT*, 205 DPR 689 (2020); *Náter v. Ramos*, 162 DPR 616, 624- 625 (2004); *Piazza v. Isla del Río, Inc.*, 158 DPR 440, 480 (2003).
[32] *García Colón et al. v. Sucn. González*, 178 DPR 527, 543- 544 (2010).

representación u otra conducta impropia de una parte adversa;
(d) **nulidad de la sentencia**;
(e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o
(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.
Las disposiciones de esta regla no aplicarán a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en las razones (c) o (d). La moción se presentará dentro de un término razonable, **pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento**. Una moción bajo esta Regla 49.2 no afectará la finalidad de una sentencia **ni suspenderá sus efectos**. Esta regla no limita el poder del tribunal para:
(1) conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, una orden o un procedimiento;
(2) conceder un remedio a una parte que en realidad no haya sido emplazada, y
(3) dejar sin efecto una sentencia por motivo de fraude al tribunal.[33]
[...] (énfasis nuestro).

Ahora bien, independientemente de la existencia de alguno de los fundamentos enumerados en la precitada Regla 49.2, el relevar a una parte de una sentencia es una decisión discrecional del tribunal salvo en los casos de nulidad, o cuando la sentencia ha sido satisfecha.[34]

En ese marco, si una parte presenta una moción sobre relevo de sentencia fundamentada en el inciso (d) de la predicha Regla y sustenta que el dictamen es nulo, el tribunal *a quo* **no tendrá discreción** para denegar el petitorio como con los otros fundamentos de la Regla 49.2. A esos efectos, "si se determinó que la sentencia era nula, tiene que dejarse sin efecto independientemente de los méritos que pueda tener la defensa o la reclamación del perjudicado".[35] En consonancia, si una sentencia es nula, la parte promovente no está limitada por el plazo de los seis (6) meses.[36] "[A]nte la certeza de nulidad de una sentencia, resulta mandatorio declarar su

---

[33] Esta Regla fue enmendada mediante la Ley Núm. 44 de 3 de marzo de 2023 a los fines de disponer expresamente cómo notificar la sentencia a partes que fueron personalmente emplazadas y nunca comparecieron a los procesos judiciales.
[34] *Rivera v. Algarín,* 159 DPR 482, 490 (2003).
[35] R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta. Ed. San Juan, Ed. LexisNexis, 2017, Sec. 4807, pág. 457. *García Colón et al. v. Sucn. González, supra.*
[36] *HRS Erase, Inc. v. CMT, supra.*

inexistencia jurídica; ello independientemente del hecho de que la solicitud a tales efectos se haga con posterioridad a haber expirado el plazo de seis (6) meses".[37]

Dicho lo anterior, "[u]na sentencia es nula cuando la misma se ha dictado sin jurisdicción [sobre la materia o las partes] o cuando al dictar la misma se ha quebrantado el debido procedimiento de ley".[38]

De otra parte, el término máximo de seis (6) meses que contempla la Regla para la presentación de la moción de relevo de sentencia es fatal en su acción extintiva del derecho.[39] "Transcurrido dicho plazo, no puede adjudicarse la solicitud de relevo".[40] No obstante lo anterior, la referida Regla permite entablar una acción independiente en los casos de nulidad de la sentencia, como ocurre cuando esta se ha dictado sin jurisdicción sobre la persona de la parte demandada.[41] De manera que, la Regla 49.2 de las de Procedimiento Civil de 2009, *supra,* provee dos (2) mecanismos mediante los cuales una parte puede conseguir ser relevada de los efectos de una sentencia dictada sin jurisdicción sobre su persona.

### - D - *Notificación*

La Regla 65.3(c) de las de Procedimiento Civil de 2009 sobre *Notificación de órdenes, resoluciones y sentencias* instituye los requisitos de notificación de una sentencia a aquellas partes en rebeldía que fueron emplazadas personalmente o mediante edictos. La indicada Regla expresa:

> [...] En el caso de partes en rebeldía que hayan comparecido en autos, el Secretario o Secretaria le notificará toda orden, resolución o sentencia a la última dirección que se haya consignado en el expediente por la parte que se autorepresenta o a la dirección del abogado o abogada que surge del registro del Tribunal Supremo para recibir notificaciones, en cumplimiento con la Regla 9. **En el caso de partes en rebeldía que fueron emplazadas personalmente y nunca comparecieron**, se le notificará la sentencia a la última dirección conocida. En caso de desconocer la última dirección, se procederá a notificar la sentencia por edicto, de la misma

---

[37] *HRS Erase, Inc. v. CMT, supra*; *Montañez v. Policía de P.R.*, 150 DPR 917 (2000).

[38] R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta. Ed. San Juan, Ed. LexisNexis, 2017, Sec. 4807, pág. 456. *García Colón et al. v. Sucn. González, supra.*

[39] *Bco. Santander P.R. v. Fajardo Farms Corp., supra,* pág. 243.

[40] *Id.*

[41] *Id.,* pág. 244.

forma como si la persona hubiera sido emplazada por edicto, según se describe a continuación. En el caso de partes en rebeldía que hayan sido emplazadas por edicto y que nunca hayan comparecido en autos o de partes demandadas desconocidas, el Secretario o Secretaria expedirá un aviso de notificación de sentencia por edictos para su publicación por la parte demandante. El aviso dispondrá que este debe publicarse una sola vez en un periódico de circulación general en Puerto Rico dentro de los diez (10) días siguientes a su notificación e informará a la parte demandada de la sentencia dictada y del término para apelar. Copia del aviso de notificación de sentencia publicado será notificada a la parte demandada por correo certificado con acuse de recibo dentro del término de diez (10) días luego de la publicación del edicto a la última dirección conocida del demandado. Todos los términos comenzarán a computarse a partir de la fecha de la publicación del edicto, la cual deberá acreditarse mediante una declaración jurada del(de la) administrador(a) o agente autorizado(a) del periódico, acompañada de un ejemplar del edicto publicado." (énfasis suplido).[42]

La notificación adecuada de una sentencia constituye un acto esencial del debido proceso de ley.[43] Nuestro ordenamiento jurídico, dictamina que la correcta y oportuna notificación es un requisito *sine qua non* de todo sistema de revisión judicial.[44] Hasta tanto no se archive en autos la constancia de la notificación de la sentencia a todas las partes esta no surtirá efecto alguno.[45]

La falta de una notificación adecuada podría afectar el derecho de una parte a cuestionar la sentencia dictada, enervando así las garantías del derecho a un debido proceso de ley.[46] Debido a ello, el término jurisdiccional para apelar una sentencia que no se ha notificado adecuadamente no comienzan a decursar.[47] De forma específica, la sentencia será ineficaz y no podrá ejecutarse hasta que no obre en autos la constancia de que se le notificó adecuadamente a todas las partes.[48]

---

[42] 32 LPRA Ap. V, R. 65.3 (c).
[43] *Berríos Fernández v. Vázquez Botet*, 196 DPR 245, 250 (2016).
[44] *Bco. Popular v. Andino Solís*, 192 DPR 172, 184 (2015); *Dávila Pollock et. als. v. RF Mortgage*, 182 DPR 86 (2011).
[45] *Berríos Fernández v. Vázquez Botet, supra*, pág. 251; *Plan Salud Unión v. Seaboard Sur. Co.*, 182 DPR 714, 722 (2011).
[46] *Bco. Popular v. Andino Solís, supra; Maldonado v. Junta Planificación*, 171 DPR 46 (2007); *Caro v. Cardona*, 158 DPR 592, 599 (2003). *Falcón Padilla v. Maldonado Quirós,* 138 DPR 983, 990 (1995).
[47] *Bco. Popular v. Andino Solís, supra*, pág. 183.
[48] *Berríos Fernández v. Vázquez Botet, supra*.

En *Yumac Home v. Empresas Massó*, se dilucidó el alcance de la Regla 65.3 (c) de las de Procedimiento Civil de 2009 al disponer que dicho estatuto recoge dos (2) circunstancias en las cuales la notificación de toda orden, resolución o sentencia debe hacerse por edicto, a saber: (1) cuando la parte en rebeldía ha sido emplazada por edicto y nunca ha comparecido; y (2) cuando la parte demandada es desconocida.[49] El Tribunal Supremo también determinó que **en aquellos casos en donde se emplaza personalmente a una parte, conforme establecen los parámetros de la Regla 4 de Procedimiento Civil para este tipo de emplazamiento, la sentencia deberá ser notificada a la última dirección conocida de la parte, aunque esta se encuentre en rebeldía porque nunca haya comparecido.** (Énfasis nuestro).[50]

Del mismo modo, cuando una notificación es devuelta por el servicio postal por no ser reclamado (*unclaimed*) por la parte destinataria, se considerará válida sólo si: (1) se logra demostrar que la parte remitente realizó esfuerzos razonables para notificar el documento en cuestión; y (2) se acreditó que el documento fue enviado a la dirección correcta, es decir, a la dirección en la cual, según el mejor entendimiento de la parte remitente, el destinatario recibe otras comunicaciones.[51] A su vez, conviene señalar que en *Jones v. Flowers* un caso de jurisdicción federal que versaba sobre la notificación no reclamada (*unclaimed*) de un aviso de venta judicial, la Corte Suprema Federal precisó que, el debido proceso de ley requiere que se provea una notificación razonablemente calculada, bajo todas las circunstancias, para informar a las partes interesadas de la acción incoada en su contra; ello de modo que se le pueda conceder una oportunidad para presentar sus objeciones.[52]

---

[49] 194 DPR 96 (2015).
[50] Regla 4.4. Emplazamiento personal, 32 LPRA Ap. V, R. 4.4. *Yumac Home v. Empresas Massó*, *supra*, págs. 113– 114.
[51] *Vendrell López v. AEE*, 199 DPR 352 (2017).
[52] 547 US 220,226 (2006).

Dentro del marco jurídico antes enunciado, procedemos a resolver la(s) controversia(s) planteada(s).

- III -

La Regla 52.1 de las de Procedimiento Civil de 2009, *supra*, nos permite expedir el auto solicitado cuando se recurra de una resolución u orden bajo remedios provisionales de las Reglas 56 y 57 de las de Procedimiento Civil de 2009 o de la denegatoria de una moción de carácter dispositivo. La última de estas instancias es precisamente el tipo de determinación de la cual se recurre en el presente caso. Por tanto, estamos ante una decisión revisable por este foro intermedio y sobre la cual podemos expedir el auto de *certiorari*.

Como primer señalamiento de error, **ESPAVE** sostuvo que el Tribunal de Primera Instancia incidió al no atender su solicitud de relevo de sentencia por el hecho de que habían transcurrido más de seis (6) meses de emitida la sentencia a pesar de que se estaba argumentando la nulidad de la misma. En su segundo señalamiento de error, adujo que erró al ordenar la continuación de la subasta pública cuando la *Sentencia* es nula.

**ESPAVE** arguyó que **PR RECOVERY** conocía su dirección correcta. Como cuestión de hecho, el 19 de mayo de 2021, **PR RECOVERY** diligenció personalmente el emplazamiento en la siguiente dirección: Ave. Los Millones DD-16 Urb. Villa Contesa Bayamón, Puerto Rico 00956.[53] **ESPAVE** advirtió, que posterior al emplazamiento personal, no recibió notificación alguna hasta el 23 de junio de 2022. Ese día, por correo certificado – y a la misma dirección mencionada- recibió una misiva fechada 21 de junio de 2022 suscrita por **PR RECOVERY** acompañada del *Aviso de Subasta* en la cual se notificó que se estaría celebrando el 6 de julio de 2022 en la Oficina del Alguacil José M. Crespo Nazario.[54] Asimismo, expuso que surge del expediente electrónico que el 24 de febrero de 2022, se recibieron ciertas notificaciones devueltas por el servicio postal, entre ellas la *Sentencia*,

---

[53] Apéndice del *Alegato en Oposición al Recurso de Certiorari,* págs. 1- 4.
[54] Apéndice del *Certiorari,* págs. 59- 64.

expresando lo siguiente: RETURN TO SENDER VACANT UNABLE TO FORWARD.[55] Argumentó que la *Sentencia* emitida era nula porque no se incluyó en la *Demanda* a una parte indispensable (DV) como tampoco fue notificada a la dirección postal conocida correcta de **ESPAVE**.

Por su parte, **PR RECOVERY** alegó que no procede la nulidad de sentencia porque cumplió con el estado de derecho vigente y fue diligente en el trámite del caso. Específicamente, manifestó que incluyó dos (2) direcciones para emplazar personalmente y notificar los escritos. Aseguró que la dirección P.O. Box 3644069, San Juan, PR 00936 es correcta y fue obtenida de los contratos de préstamos.

De un análisis del expediente, nos percatamos que existe una controversia que debemos resolver con puntual cautela. La interrogante es si se debe notificar la *Sentencia* a una parte emplazada personalmente a la cual se le anotó la rebeldía por no comparecer. Veamos.

Estamos ante una determinación de gran envergadura al tratarse de un derecho fundamental a la propiedad de una corporación sin fines de lucro. Se desprende que presuntamente **PR RECOVERY** tenía dos (2) direcciones postales de **ESPAVE**, a saber: (1) Urb. Villa Contessa DD – 16, Ave los Millones, Bayamón, PR 00956; y (2) PO Box 364069, San Juan, PR 00936.[56] El diligenciamiento personal se efectuó en la primera dirección. Es menester señalar que los escritos presentados por **PR RECOVERY** no contienen certificación alguna acreditando la notificación a **ESPAVE.** Más aún, las notificaciones del foro judicial fueron remitidos a una dirección distinta a la del emplazamiento personal y los mismos fueron devueltos por estar vacante el buzón postal. Es decir, el apartado se encontraba desocupado y ya no pertenecía a **ESPAVE**. Por tanto, los escritos, órdenes y *Sentencia* no fueron notificados adecuadamente a **ESPAVE**; por lo que, se incumplió con las

---

[55] *Íd.*, págs. 87– 99.
[56] Los informes o reportes anuales, desde 2016 a 2021, rendidos ante el Departamento de Estado reflejan que la siguiente dirección: Ave. Los Millones DD-16 Urb. Villa Contesa Bayamón, Puerto Rico 00956. Apéndice del *Certiorari,* págs. 150- 161.

garantías procesales. Una vez devuelta la *Sentencia,* el Tribunal *a quo* debió requerirle a **PR RECOVERY** realizar un esfuerzo razonable para obtener una dirección correcta en la cual se hubiese recibido otras comunicaciones para la adecuada notificación a **ESPAVE** o remitir nuevamente la *Sentencia* a la dirección postal que surgía del emplazamiento y constaba en el expediente judicial.

En virtud de la Regla 49.2 de las de Procedimiento Civil de 2009 ante el defecto de la notificación adecuada que vulnera y atenta contra las garantías de un debido procedimiento, el foro impugnado **no tenía discreción** para denegar la solicitud de relevo de sentencia por nulidad presentada por **ESPAVE**. A la luz de ello, una notificación defectuosa no es ejecutable ni surte efecto alguno. Ante ello, colegimos que le asiste la razón a **ESPAVE**. Esta conclusión hace innecesario que atendamos el segundo señalamiento de error.

- IV -

Por los fundamentos expuestos, *expedimos* el auto de *Certiorari* interpuesto el 11 de agosto de 2022; en consecuencia, *revocamos* la *Resolución y/u Orden* decretada el 6 de julio de 2022 por el Tribunal de Primera Instancia, Sala Superior de Mayagüez; *decretamos* el relevo de la *Sentencia* dictada en rebeldía el 28 de octubre de 2021 por nulidad; y *requerimos* al foro primario efectuar la notificación adecuada de la mencionada *Sentencia* para garantizar un debido proceso de ley. Asimismo, *ordenamos* la invalidación de la venta judicial de la propiedad ejecutada sita en el municipio de San Germán.

Al amparo de la Regla 35 (A)(1) de nuestro Reglamento, el Tribunal de Primera Instancia, Sala Superior de Mayagüez, puede proceder de conformidad con lo aquí resuelto, sin que se tenga que esperar por el recibo de nuestro mandato.[57]

---

[57] 4 LPRA Ap. XXII-B R. 35. La Regla 35 (A)(1) del Reglamento del Tribunal de Apelaciones enuncia: "La presentación de una solicitud de *certiorari* no suspenderá los procedimientos

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

La Jueza Cintrón Cintrón está conforme en parte con la determinación en este caso. Sin embargo, disiente en cuanto al dictamen al amparo de la Regla 35(a)(1) de nuestro Reglamento. Entiendo respetuosamente que el decursar del tiempo ha obstaculizado la rápida administración de la justicia en este asunto por lo que omitiría la referida disposición.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

ante el Tribunal de Primera Instancia, salvo una orden en contrario expedida por iniciativa propia o a solicitud de parte por el Tribunal de Apelaciones. La expedición del auto de *certiorari* suspenderá los procedimientos en el Tribunal de Primera Instancia, salvo que el Tribunal de Apelaciones disponga lo contrario." 4 LPRA Ap. XXII-B R. 35.