Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO<br>Parte Apelada<br><br>v.<br><br>SUCESIÓN DE MIGUEL ÁNGEL VIRUET DELGADO T/C/C AGUSTIN VIRUET DELGADO T/C/C MIGUEL ÁNGEL VIRUET-JR, COMPUESTA POR RICARDO VIRUET, MIGUEL ÁNGEL VIRUET, MITCHELL ANTHONY VIRUET Y MARÍA ANN VIRUET T/C/C MARÍA ANN COLLAR; FULANO Y FULANA DE TAL COMO POSIBLES HEREDEROS DESCONOCIDOS DE LA SUCESIÓN; CENTRO DE RECAUDACIÓN DE INGRESOS MUNICIPALES (CRIM)<br>Parte Apelante | KLAN202500457 | Apelación procedente del Tribunal de Primera Instancia, Sala de Fajardo<br><br>Civil Núm.: FA2024CV00253<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Rodríguez Flores, Juez Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de agosto de 2025.

El 21 de mayo de 2025, el señor Miguel A. Viruet (el señor Viruet o apelante) presentó ante nos una *Apelación* en la que solicita que revoquemos una *Sentencia* en rebeldía emitida el 28 de marzo de 2025, notificada el 31 de marzo de 2025, por el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI).[1] En el referido dictamen, el TPI declaró con lugar la *Demanda* instada por Banco Popular de Puerto Rico (Banco Popular o parte apelada) y, en su consecuencia, condenó a la Sucesión Viruet Delgado a pagar la suma de $177,415.50, por concepto de principal, más intereses,

---

[1] Apéndice de la Apelación, Anejo 1A.

créditos accesorios, costas gastos y honorarios de abogado pactados.

El 20 de junio de 2025, la parte apelada radicó ante nos el *Escrito en oposición a apelación.*

Por los fundamentos que expondremos a continuación, se confirma la sentencia apelada.

**I.**

El 19 de marzo de 2024, Banco Popular presentó una *Demanda* sobre cobro de dinero y ejecución de hipoteca, por la vía ordinaria, en contra de la Sucesión de Miguel Ángel Viruet Delgado t/c/c Agustín Viruet Delgado t/c/c (Sucesión Viruet Delgado) por su incumplimiento con el pago del pagaré al portador asegurado mediante escritura de hipoteca.[2] Según las alegaciones, el 1 de abril de 2002, el señor Miguel Ángel Viruet Delgado t/c/c Agustín Viruet Delgado (señor Viruet Delgado) suscribió una hipoteca con un pagaré al portador por la suma de $167,700.00. Sin embargo, debido a que el señor Viruet Delgado falleció, el Banco Popular incluyó en la referida *Demanda* como demandados a la Sucesión Viruet Delgado. Por tanto, la parte apelada le reclamó a la Sucesión Viruet Delgado la cuantía de $178,263.11 en concepto de la deuda hipotecaria, más costas y honorarios de abogado.

El 23 de abril de 2024, notificada el 30 de abril de 2024, el TPI emitió una *Orden de referido al centro de mediación de conflictos en casos de ejecución de hipotecas,* en la que ordenó la comparecencia de las partes ante el Centro de Mediación de Conflictos en Fajardo para el día 25 de junio de 2024.[3] Además, instruyó a las partes con respecto al proceso de mediación.

Tras varios incidentes procesales, el 17 de junio de 2024, el señor Viruet instó una *Moción asumiendo representación legal sin*

---

[2] *Íd.,* Anejo 2.
[3] Apéndice de la Apelación, Anejo 3.

*someternos a la jurisdicción y solicitando prórroga para presentar alegación responsiva* en la que solicitó un término de treinta (30) días para presentar su alegación responsiva.[4]

El 20 de junio de 2024, el TPI notificó la *Orden* concediendo lo solicitado por el señor Viruet en la *Moción* presentada por este.[5] El término concedido transcurrió sin que el señor Viruet presentara la alegación responsiva.

Así las cosas, y luego de varias vistas de mediación, el 2 de octubre de 2024, el Centro de Mediación de Conflictos en Fajardo radicó una *Moción de resultados*.[6] En la mencionada *Moción*, el Centro de Mediación de Conflictos informó que en la última vista, celebrada el 26 de septiembre de 2024, el Banco Popular indicó que no se había completado la alternativa de mitigación debido a que el apelante no había presentado ante la Oficina de Mitigación de Pérdida, la documentación necesaria para evaluar su solicitud de mitigación.

No obstante, el 10 de octubre de 2024, el Banco Popular presentó una *Moción en cumplimiento de Orden y con regulación federal* en la que informó al tribunal que el apelante acudió el 2 de octubre de 2024 a las Oficinas de Mitigación de Pérdidas y completó su solicitud de mitigación.[7] Por consiguiente, el Banco Popular le solicitó al TPI un término de cuarenta y cinco (45) días para evaluar la mencionada solicitud.

Posteriormente, el 10 de diciembre de 2024, el Banco Popular presentó una *Moción en cumplimiento de orden, informativa y solicitando extensión de paralización* en la que informó que acordó un plan de pago con el apelante, como parte de la mitigación.[8] Dicho

---

[4] *Íd.*, Anejo 4.
[5] Véase la Anotación Judicial Núm. 24 de la Entrada del expediente digital del caso en SUMAC.
[6] Apéndice de la Apelación, Anejo 8.
[7] *Íd.*, Anejo 9.
[8] *Íd.*, Anejo 10.

plan de pago comenzó en noviembre de 2024 y culminaría en octubre de 2025. La institución financiera solicitó que se mantuviera paralizado los procedimientos judiciales mientras el señor Viruet cumpliese con el plan de pago acordado.

El 10 de diciembre de 2024, notificada el 16 de diciembre de 2024, el TPI emitió una *Resolución de paralización "Consumer financial protection Bureau"* en la que ordenó la paralización de los procedimientos judiciales.[9] El TPI se reservó la jurisdicción para reordenar la apertura del caso.

No obstante, el 28 de marzo de 2025, el Banco Popular radicó una *Moción en solicitud de la continuación de los procedimientos, anotación de rebeldía por falta de comparecencia y en solicitud de sentencia en rebeldía.* Arguyó que la Sucesión Viruet Delgado incumplió con el plan de pago estipulado. También, el Banco Popular alegó que la Sucesión Viruet Delgado, no presentó una *Contestación a la demanda* dentro del término estatutario y la prórroga concedida por el *foro a quo*.[10] Fundamentado en ello, la parte apelante solicitó que se continuara con los procedimientos del caso, anotándosele la anotara rebeldía a la Sucesión Viruet Delgado y dictándose sentencia en su contra.

El 28 de marzo de 2025, notificada el 31 de marzo de 2025, el TPI emitió una *Sentencia[11]* en la que consignó los siguientes hechos probados:

> El 1ro de abril de 2002, Miguel Ángel Viruet Delgado t/c/c Agustín Viruet Delgado t/c/c Miguel Ángel Viruet-Jr., (fallecido) por valor recibido suscribió un pagaré a favor del Portador, o a su orden, por la suma de $167,700.00 más intereses al 11.99% por ciento anual, y demás créditos accesorios. En aseguramiento del Pagaré antes mencionado por la suma principal de $167,700.00 más intereses, la cantidad líquida y estipulada de $16,770.00 para costas, gastos y honorarios de abogado en caso de reclamación judicial, Miguel Ángel Viruet Delgado t/c/c Agustín Viruet

---

[9] *Íd.*, Anejo 11.
[10] *Íd.,* Anejo 12.
[11] *Íd.*, Anejo 1A.

Delgado t/c/c Miguel Ángel Viruet-Jr., (fallecido), otorgó escritura de hipoteca número 222 otorgada en Río Grande, Puerto Rico, el día 1ro de abril de 2002, ante el Notario Carlos J. Morales Bauzá, modificada en cuanto a su principal que será de $166,658.04; el interés será de 6.99%; el pago mensual de principal e interés será de $1,002.19; el último pago de principal e interés será el primero (1ro) enero de 2052, con un pago adicional global ("balloon payment") de $26,105.80 correspondientes al diferencial del interés pactado y el interés ajustado por esta modificación ("interest differential"); en cuanto al tipo mínimo para la primera subasta en caso de ejecución será la cantidad de $166,658.04, según consta de la escritura de modificación de hipoteca número 1,115, otorgada el día 23 de diciembre de 2011, en San Juan, Puerto Rico ante el Notario Público Néstor Machado Cortés, sobre las siguientes propiedades:

(A)---RÚSTICA: Barrio Fortuna de Luquillo, Puerto Rico. Lote: 1 Barrio Mameyes. Cabida: 621.42 metros Cuadrados. LINDEROS: NORTE, con la parcela número 151. SUR, con el Remanente de la finca de la cual se segrega. ESTE, con calle municipal. OESTE, con la parcela número 197, en las alineaciones, rumbos y distancias que surgen del plano de inscripción. ------------------------------ ---Consta inscrita al Tomo Karibe de Luquillo, finca número 14,241, Registro de la Propiedad de Fajardo.-- (B)---RÚSTICA: REMANENTE: Predio de terreno ubicado en la comunidad rural Fortuna número II del Barrio Mameyes del término municipal de Luquillo, Puerto Rico, con cabida de 1,000 metros cuadrados, en lindes; Por el NORTE, con predio de terreno segregado, identificado en el plano de inscripción como Lote 1; por el SUR, con la Calle 6; por el ESTE, con la parcela 195 y por el OESTE, con parcela 197.------------------------------ ---Este es el Remanente según escritura número 1, otorgada en Luquillo, Puerto Rico, el día 10 de febrero de 2003, ante el notario Genaro Rodríguez Gevene, inscrita al tomo Karibe de Luquillo, finca número 6,748, inscripción 8va.---------------------- ---Consta inscrita al Folio 105 del Tomo 121 de Luquillo, finca número 6,748, Registro de la Propiedad de Fajardo. --------------------------------

Dicha hipoteca y su modificación constan inscritas al Folio 70 del Tomo 235, inscripción 7ma, de Luquillo, Fincas número 6,748 y 14,241, Registro de la Propiedad de Fajardo. A pesar de los requerimientos efectuados por la parte demandante, la parte demandada no ha efectuado pago alguno para cubrir los plazos vencidos desde el día 5 de abril de 2024.

Según los términos del contrato mencionado, la parte demandante, como tenedora del crédito hipotecario, podía declarar la totalidad de la deuda liquida vencida y exigible si se dejaba de satisfacer los plazos dentro del término convenido como efectivamente sucedió en este caso.

> Para la fecha en que se consideraron las alegaciones y evidencias sometidas por la parte demandante, La Sucesión de Miguel Ángel Viruet Delgado t/c/c Agustín Viruet Delgado t/c/c Miguel Viruet Jr., a satisfacer a la parte demandante por concepto de hipoteca la suma de $177,415.50 por concepto de principal, desde el 5 de abril de 2024, más intereses al tipo pactado de 6.99% anual que continúan acumulándose hasta el pago total de la obligación. Además, La Sucesión de Miguel Ángel Viruet Delgado t/c/c Agustín Viruet Delgado t/c/c Miguel Viruet Jr. adeuda a la parte demandante los créditos accesorios y adelantos hechos en virtud de la escritura de hipoteca; y las costas, gastos y honorarios de abogado equivalentes a $16,770.00. Por razón de dicho incumplimiento, y al amparo del derecho que le confiere el Pagaré, el demandante ha declarado tales sumas vencidas, líquidas y exigibles en su totalidad.
> El precio mínimo pactado por las partes en la escritura de hipoteca, en caso de ejecución de la misma, es la suma de $166,658.04.[12]

A tenor con estos hechos, el TPI dictó sentencia en rebeldía al considerar que estaban presentes los requisitos de la Regla 45 de Procedimiento Civil, *infra;* es decir, por haber transcurrido el término previsto por la Regla 10.1 de Procedimiento Civil sin que el apelante presentara alegación responsiva. De tal forma, el TPI declaró con lugar la *Demanda* y condenó a la Sucesión Viruet Delgado a pagar la suma de $177, 415.50, por concepto de principal, más intereses, créditos accesorios, costas, gastos y honorarios de abogado pactados en el pagaré. También, se ordenó la venta en pública subasta de la residencia.

El 4 de abril de 2025, el señor Viruet presentó una *Urgente Moción solicitando reconsideración a Sentencia dictada 31 de marzo de 2025.* Alegó no presentó su contestación a la demanda dentro del término correspondiente porque se encontraba en un plan de mitigación de pérdidas, a raíz del cual el TPI había decretado la paralización de los procedimientos. En cuanto a dicho plan de pago, admitió que interrumpió los pagos debido a percances en su salud, hospitalización y recuperación post operatoria, los cuales, a su vez, le impidieron alertar al banco sobre sus circunstancias. Sin

---

[12] *Id.*

embargo, afirmó su intención de retomar el proceso de pago y adjuntó con su escrito la nueva solicitud de mitigación de pérdidas que presentó al Banco Popular.[13] Así, solicitó que el TPI dejara sin efecto la anotación de rebeldía por justificar su dilación en los procedimientos.

El 21 de abril de 2025, el Banco Popular presentó su *Moción en Oposición a Solicitud de Reconsideración.*[14] Indicó que la moción de reconsideración incumplió con las disposiciones de la Regla 47 de Procedimiento Civil al no exponer con suficiente particularidad y especificidad los hechos y el derecho que el apelante estimaba debían reconsiderarse. Al respecto, resaltó que, de hecho, el apelante había admitido en su moción de reconsideración su incumplimiento con el plan de pago acordado con la institución financiera, lo que permitía que el acreedor hipotecario solicitara la continuación del proceso de ejecución, incluyendo solicitar cualquier remedio que procediera en derecho o que estuviera disponible en las Reglas de Procedimiento Civil de Puerto Rico. Por lo anterior, dedujo que no procedía reconsiderara la sentencia dictada.

Evaluadas las posiciones, el 22 de abril de 2025, TPI notificó la orden mediante la cual declaró no ha lugar la *Moción de Reconsideración* del apelante.

Aún inconforme, el 21 de mayo de 2025, el apelante acudió ante este foro intermedio mediante recurso de *Apelación* en el que señaló que el TPI cometió el siguiente error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE FAJARDO, AL DICTAR CON LUGAR LA DEMANDA Y DICTAR SENTENCIA EN REBELDÍA AÚN CUANDO LA PARTE DEMANDADA APELANTE HABIA COMPARECIDO EXPRESANDO SU INTERÉS EN DEFENDERSE.

---

[13] Véase la Anotación Judicial Núm. 44 de la Entrada del expediente digital de SUMAC.
[14] Apéndice de la Apelación, Anejo 13.

El 20 de junio de 2025, la parte apelada presentó *Escrito en oposición a apelación* en el que argumentó que debía confirmarse la sentencia apelada en virtud de que el señor Viruet no cumplió en presentar una alegación responsiva de acuerdo con el término dispuesto en las Reglas de Procedimiento Civil, *supra*.

**II.**

**A.**

La Regla 45.1 de Procedimiento Civil, *supra*, R. 45.1, 32 LPRA Ap. V, R. 45.1, establece que cuando una parte no contesta la demanda o no se defiende de ninguna otra forma contra las alegaciones y el remedio solicitado, se le anotará su rebeldía. La rebeldía es la posición procesal en que se coloca a la parte que ha dejado de ejercitar su derecho a defenderse o cumplir con un deber procesal. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 587 (2011). La anotación de rebeldía procede si se ha cumplido con los requisitos dispuestos en la Regla 45.1 de Procedimiento Civil. *Íd.,* pág. 589.

Nuestro ordenamiento jurídico ha establecido tres fundamentos por los que una parte puede ser declarada en rebeldía. Primero, una parte que no ha comparecido al proceso luego de ser debidamente emplazada. El mencionado fundamento promueve que la causa de acción continúe dilucidándose sin que la parte demandada participe. *Rivera Figueroa v. Joe's European Shop*, supra, pág. 587-588; R. Hernández Colón, *Derecho Procesal Civil*, 6ta ed., San Juan, Ed. Lexisnexis, 2012, Sec. 2701, pág. 327.

El segundo fundamento es, cuando el demandado alega en el término concedido por ley, habiendo comparecido mediante una moción previa donde surja la intención clara de no defenderse o presenta una moción y posteriormente no formula una alegación en el término correspondiente. *Rivera Figueroa v. Joe's European Shop*, supra, pág. 588; Hernández Colón, *op. cit,* pág. 327. Si una parte no

alega dentro del término establecido, el acto procesal correspondiente es la anotación de rebeldía. Hernández Colón, *op. cit*, pág. 328.

Por último, el tercer fundamento surge cuando una parte se niega a descubrir su prueba después de habérsele requerido o se niega a cumplir con una orden del Tribunal. *Rivera Figueroa v. Joe's European Shop*, supra, pág. 588. Si una parte quiere evitar que se le anote la rebeldía, debe constar su intención en defenderse. *Banco Popular v. Andino Solís*, 192 DPR 172, 180 (2015).

El Tribunal podrá a iniciativa propia o a moción de parte, anotar rebeldía a alguna parte del pleito. Regla 45.1 de Procedimiento Civil, *supra*, R. 45.1. A su vez, la anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas. *Íd.*

Ahora bien, la Regla 45.3 de Procedimiento Civil, *supra*, R. 45.3, establece que el tribunal podrá dejar sin efecto una anotación de rebeldía por causa justificada. Para probar la "causa justificada" la parte puede presentar evidencia de circunstancias que a juicio del tribunal demuestren justa causa para la dilación en contestar la demanda, o probar que tiene una buena defensa en sus méritos y que el grado de perjuicio que se puede ocasionar a la otra parte con relación al proceso es razonablemente mínimo. *Rivera Figueroa v. Joe's European Shop*, supra, pág. 593. Dicha regla se debe interpretar de manera liberal, resolviéndose cualquier duda a favor de que se deje sin efecto la anotación o la sentencia en rebeldía. *Íd.*

**B.**

La Exposición de Motivos de la *Ley para mediación compulsoria y prevención de tu hogar en los procesos de ejecuciones de hipotecas de una vivienda principal,* Ley Núm. 184 de 17 de agosto de 2012, según enmendada, 32 LPRA sec. 2881 *et.seq* (en adelante,

Ley Núm. 184-2012) dispone que ésta fue creada para que, previo a la ejecución de la hipoteca de una vivienda principal, se lleve a cabo la mediación compulsoria para fines de disminuir los procesos de ejecución de hipoteca.

Por su parte, el Art. 3 de la Ley Núm. 184-2012, 32 LPRA sec. 2882, estatuye que:

> El deudor tendrá derecho a un procedimiento de mediación en la acción civil que se le presente para la ejecución de la hipoteca sobre la propiedad residencial que constituya su vivienda principal. Será deber del Tribunal, dentro de un término de treinta (30) días contados a partir del diligenciamiento del emplazamiento, citar a las partes a una vista o acto de mediación compulsoria que presidirá un mediador. Será deber del Tribunal, al presentarse la demanda y diligenciarse el emplazamiento, citar a las partes a una vista o acto de mediación compulsoria que presidirá un mediador seleccionado por las partes y que tendrá lugar en cualquier salón o sala del tribunal o en aquel lugar que las partes en acuerdo con el mediador seleccionen, en la cual se le informará de formas verbal y por escrito al deudor hipotecario todas las alternativas disponibles en el mercado de acuerdo al tipo de préstamo e inversionista para poder evitar la privación del inmueble al deudor, ejecución de la hipoteca o la venta judicial de una propiedad residencial que constituya una vivienda principal, incluyendo aquellas alternativas que no dependen de la capacidad económica del deudor, como lo son la venta corta ("short sale"), la dación en pago, entrega voluntaria de título, y otros remedios que eviten que el deudor pierda su hogar o que, de perderlo, se minimicen las consecuencias negativas sobre el deudor.
> […]
> De no presentarse el deudor hipotecario al procedimiento de mediación en cualquiera de sus etapas, sin que medie justificación adecuada; de no entregar al acreedor los documentos solicitados en un tiempo razonable, según lo dispuesto en esta sección, **o de no cumplir con el acuerdo alcanzado con el acreedor hipotecario como resultado del proceso de mediación, se presumirá que voluntariamente el deudor hipotecario ha desistido del proceso de mediación compulsoria y** dicho **acreedor hipotecario procederá con la continuación del proceso de ejecución hipotecaria según corresponda, incluyendo sin limitarse, a solicitar cualquier remedio que en derecho proceda o disponible en las Reglas de Procedimiento Civil de Puerto Rico** y dicho acreedor actuará de la forma acordada en el contrato o pagaré efectuado el día de la transacción original de hipoteca. (Énfasis suplido).

Un Tribunal no puede incumplir con el requisito en ordenar a las partes a que comparezcan a un procedimiento de mediación compulsoria previo a la ejecución de una hipoteca. *Bco. Santander v. Correa García,* 196 DPR 452, 472 (2016). Empero, el foro sentenciador podrá continuar con el proceso judicial cuando: (1) el acreedor acudió a la vista de mediación, pero el deudor no se presentó; (2) las partes acudieron a la vista y se cumplieron los requisitos de ley, pero no llegaron a un acuerdo, o (3) el deudor incumplió con los acuerdos contraídos como resultado del proceso de mediación. *Bco. Santander v. Correa García, supra,* pág. 473. **Si acontece una de las circunstancias previamente señaladas, el proceso judicial se reanudará en el proceso que se encontraba previo a que el Tribunal ordenase la vista de mediación**. *Bco. Santander v. Correa García, supra,* pág. 473-474.

Como parte del proceso de mediación compulsoria, el acreedor debe actuar de buena fe. *Scotiabank de Puerto Rico v. Rosario Ramos,* 205 DPR 537, 557 (2020). Cónsono con ello, el requisito de buena fe es compulsorio en la mediación. *Íd.* El acreedor hipotecario debe proveerle todas las alternativas disponibles al deudor hipotecario. *Scotiabank de Puerto Rico v. Rosario Ramos, supra,* pág. 538. De un acreedor no actuar de buena fe, constituye un impedimento jurisdiccional que priva al tribunal de tener jurisdicción para continuar con los procedimientos. *Íd.*

**III.**

En su único señalamiento de error, el apelante alegó que el TPI erró al negarse a eliminar la anotación de rebeldía debido a que demostró varias causas que justificaban su dilación en presentar una alegación responsiva. Además, argumentó que, al resolver el pleito sin concederle la oportunidad de oponerse a la *Moción en solicitud de la continuación de los procedimientos, anotación de rebeldía por falta de comparecencia y en solicitud de sentencia en*

*rebeldía,* y sin ponderar que el caso se encontraba paralizado por disposición del propio tribunal, el TPI lo privó de su derecho a un debido proceso de ley.

Conforme a las normas jurídicas pormenorizadas, el Tribunal *motu proprio* podrá anotarle rebeldía a una parte si ésta no presenta una alegación responsiva en el término establecido en las Reglas de Procedimiento Civil. Ahora bien, el foro sentenciador podría dejar sin efecto una anotación de rebeldía por "causa justificada". En nuestra segunda parte, indicamos que una "causa justificada" es cuando la parte presenta evidencia de circunstancias que, a juicio del Tribunal, demuestren una excusa razonable para la dilación en contestar la demanda, o probar que tiene una buena defensa en sus méritos y que el grado de perjuicio que se puede ocasionar a la otra parte con relación al proceso es razonablemente mínimo. *Rivera Figueroa v. Joe's European Shop*, supra, pág. 593.

Del examen del expediente surge que el apelante presentó una *Moción* para que el TPI le otorgara una prórroga de treinta (30) días para instar su alegación responsiva. El TPI autorizó dicha prórroga. Sin embargo, el término concedido decursó y el señor Viruet no radicó su alegación responsiva.

El apelante adujo que no presentó una alegación responsiva debido a que los procedimientos judiciales estaban paralizados como producto de las negociaciones entre las partes. Sin embargo, contrario a lo alegado por el apelante, para el 20 de junio de 2024, fecha en que el TPI concedió al Sr. Viruet la prórroga de treinta (30) días para presentar su alegación responsiva, los procedimientos judiciales **no** estaban paralizados. La orden de paralización de los procedimientos judiciales se emitió el 16 de diciembre de 2024. Esto significa que, cuando el TPI paralizó los trámites judiciales a solicitud de Banco Popular, ya había culminado el término para que el apelante radicara una alegación responsiva.

Como justificación adicional para que se levantara la anotación de rebeldía, el señor Viruet indicó que incumplió el plan de pago acordado con el banco debido a percances en su salud, hospitalización y recuperación post operatoria, los cuales, a su vez, le impidieron alertar a la institución financiera sobre sus circunstancias. No obstante, lo expuesto no fue una razón para dejar de presentar una alegación responsiva de manera oportuna, sino más bien, el señor Viruet acreditó las causas por las que incumplió con el plan de pago acordado con el Banco Popular.

El incumplimiento con el plan de pago acordado con la institución financiera permitía que el acreedor hipotecario solicitara la continuación del proceso de ejecución, incluyendo solicitar cualquier remedio que disponible en las Reglas de Procedimiento Civil de Puerto Rico, lo que, en efecto, ocurrió. El Banco Popular solicitó que se le anotara la rebeldía al apelante por haber dejado de presentar alegación responsiva.

Anotada la rebeldía, el apelante no presentó razones que justificasen la eliminación de dicha anotación. Si bien la Regla 45.3 de Procedimiento Civil se interpreta liberalmente a favor de la parte a la que se le ha anotado la rebeldía, la regla no opera de manera automática, sino que el rebelde debe demostrar justa causa para el incumplimiento. Estos criterios están ausentes en este caso.

En fin, el análisis de los preceptos jurisprudenciales expuestos, inclinan la balanza a no dejar sin efecto la anotación en rebeldía. Ello, ante el incumplimiento del apelante en instar una alegación responsiva en el término concedido por el TPI.

**IV.**

Por los fundamentos que anteceden, confirmamos la *Sentencia* apelada.

**Notifíquese**.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones